# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/02/2025 7:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

 WHALECO, Inc., d/b/a TEMU; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

 Hanna Yoseph, (See additional parties list with plaintiffs attached)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):*
25STCV16019

 Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012    David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

 Krista Hemming, Potter Handy, LLP, 100 Pine Street, Ste. 1250, San Francisco, CA 94111 (858) 375-7385

DATE: 06/02/2025    Clerk, by J. Covarrubias    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al., | 25STCV16019 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff        ☒ Defendant        ☐ Cross-Complainant        ☐ Cross-Defendant

PDD Holdings, Inc., f/k/a PINDUODOU Inc.; and DOES 1-100, inclusive,

Page _____ of _____

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

**Print this form**        **Save this form**        **Clear this form**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al., | 25STCV16019 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[x] Plaintiff       [ ] Defendant       [ ] Cross-Complainant       [ ] Cross-Defendant

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

POTTER HANDY, LLP
Mark Potter, Esq., SBN 166317
Christina Carson, Esq. SBN 280048
Krista Hemming, SBN 304213
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911; (888) 422-5191 fax
TEMUlit@potterhandy.com

Attorneys for Plaintiffs

**COMPLAINT: Attachment 1**
HANNA YOSEPH, ET AL., V. WHALECO, INC., d/b/a TEMU, ET AL.,

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | John Workman | AK | | 35 | Perry Richardson | AR |
| 3 | Alice Nelson | AL | | 36 | Preston Potter | AR |
| 4 | Amir Sadek | AL | | 37 | Ronnie Nichols | AR |
| 5 | Andrea Scott | AL | | 38 | Tonya Stinson | AR |
| 6 | Anthony Chapman | AL | | 39 | Ashley Morris | AZ |
| 7 | Brandy McNabb | AL | | 40 | Dena Smyers | AZ |
| 8 | Carolyn Peterson | AL | | 41 | Gabriel Castaneda | AZ |
| 9 | Cassandra Sutton | AL | | 42 | Jeremy Sommerland | AZ |
| 10 | Cassandra Trotter | AL | | 43 | Jessica Rice | AZ |
| 11 | Courtney Hill | AL | | 44 | John Hibbard | AZ |
| 12 | Crystal Sorrells | AL | | 45 | Joshua Hack | AZ |
| 13 | Daniel Summers | AL | | 46 | Judith Nienhardt | AZ |
| 14 | Jason Oglesby | AL | | 47 | Kathleen McDonald | AZ |
| 15 | Jason Shook | AL | | 48 | Kirk Forbes | AZ |
| 16 | Jason Thomas | AL | | 49 | Nicholas Starling | AZ |
| 17 | Jennie Key | AL | | 50 | Patricia Romo | AZ |
| 18 | Jennifer Bronson | AL | | 51 | Priscilla Espinoza Olivas | AZ |
| 19 | John Plotts | AL | | 52 | Samantha Seger | AZ |
| 20 | Jonathan Morgan | AL | | 53 | Selena Mongeon | AZ |
| 21 | Larry Nix | AL | | 54 | Staci Weith | AZ |
| 22 | Sanchasaty Mitchell | AL | | 55 | Tiffany Smith | AZ |
| 23 | Tammy Gibson | AL | | 56 | Vianey Galvan | AZ |
| 24 | Thomas Eggleston | AL | | 57 | William Moore | AZ |
| 25 | Christopher Stacks | AR | | 58 | Abby Steele | CA |
| 26 | Dionne Hill | AR | | 59 | Abel Martinez | CA |
| 27 | Gina Pate | AR | | 60 | Adam Zuniga | CA |
| 28 | Jason Lufrano | AR | | 61 | Akinyemi Omole | CA |
| 29 | Jennifer Staton | AR | | 62 | Al Solorzano | CA |
| 30 | Jeremy Moore | AR | | 63 | Alicia Pecorella | CA |
| 31 | Jessica Shamblin | AR | | 64 | Alisha Calkins | CA |
| 32 | John Rixse | AR | | 65 | Amber Rose Valenzuela | CA |
| 33 | Judith Plummer | AR | | 66 | Amber Whitson | CA |
| 34 | Kati Hall | AR | | 67 | Andrew Gray | CA |

| | | | | | | |
|---|---|---|---|---|---|---|
| 68 | Andrew Sugar | CA | | 112 | Fatima Montano | CA |
| 69 | Andrew Wallace | CA | | 113 | Frank Raya | CA |
| 70 | Angel Montellano | CA | | 114 | Frank Rivera | CA |
| 71 | Angela Okimoto | CA | | 115 | Gabriel Tagnani | CA |
| 72 | Anissa Steele | CA | | 116 | Houry Hassarjian | CA |
| 73 | Anita Johnson | CA | | 117 | Ian McKinney | CA |
| 74 | Anthony Morrow | CA | | 118 | Ignacio Monroy | CA |
| 75 | Anthony Pledger | CA | | 119 | Jacob Burbank Goldrich | CA |
| 76 | Anthony Soto | CA | | 120 | Jaime Mota | CA |
| 77 | Bealinda Taplin | CA | | 121 | James Sterner | CA |
| 78 | Brent Koster | CA | | 122 | Jamie Pool | CA |
| 79 | Bruce Newman | CA | | 123 | Janett Cortes | CA |
| 80 | Bryce Holden | CA | | 124 | Jason Carter | CA |
| 81 | Chandra Willis | CA | | 125 | Jay Washington | CA |
| 82 | Charles Sean McNamara | CA | | 126 | Jeffrey Burks | CA |
| 83 | Charlotte Miquirray | CA | | 127 | Jennifer Rodarte | CA |
| 84 | Chase Neal | CA | | 128 | Jennifer White | CA |
| 85 | Chester Washington | CA | | 129 | Jessica Hargis | CA |
| 86 | Chibueze Nmereole | CA | | 130 | Jessica Russell Sibley | CA |
| 87 | Chris Morones | CA | | 131 | Jessica Woods | CA |
| 88 | Christian Salaiz | CA | | 132 | Joell Robinson | CA |
| 89 | Christina Moran | CA | | 133 | John Nazareno | CA |
| 90 | Christopher Monroe | CA | | 134 | John Parry | CA |
| 91 | Cory Morris | CA | | 135 | John Rose | CA |
| 92 | Cynthia Lopez | CA | | 136 | John Stroup III | CA |
| 93 | Daniel Morris | CA | | 137 | Jorge Diaz | CA |
| 94 | Danielle Gomez | CA | | 138 | Jose Luis Mora | CA |
| 95 | Danny Yu | CA | | 139 | Jose Pimentel | CA |
| 96 | Darablee Thach | CA | | 140 | Jose Ramos | CA |
| 97 | David Mitchell | CA | | 141 | Jose Rodriguez | CA |
| 98 | Davin Hetland | CA | | 142 | Joseph Mularky | CA |
| 99 | Dawn Ojeda | CA | | 143 | Josh Campos | CA |
| 100 | Debra Hodges | CA | | 144 | Juan Soriano | CA |
| 101 | Demetrius Caldwell | CA | | 145 | Junepyo Lee | CA |
| 102 | Denise Kramer | CA | | 146 | Kara Susi | CA |
| 103 | Dillon Patel | CA | | 147 | Karen Moore | CA |
| 104 | Dolores Hesse | CA | | 148 | Kenneth Hahn | CA |
| 105 | Donovan Plummer | CA | | 149 | Kenneth Schelhorn | CA |
| 106 | Drew Raper | CA | | 150 | Keshean Weathington | CA |
| 107 | Dyan Nickerson | CA | | 151 | Kevin Tran | CA |
| 108 | Edgard Vinicio Ortega Sedano | CA | | 152 | Khari Frisbie | CA |
| 109 | Elizabeth Martinez | CA | | 153 | Kim Bouzikian | CA |
| 110 | Emily Meader | CA | | 154 | Laquita Watts | CA |
| 111 | Evan Stagnaro | CA | | 155 | Laura Huffman | CA |

| | | | | | | |
|---|---|---|---|---|---|---|
| 156 | Luciola Ortiz | CA | 200 | Rosemary Joseph | CA |
| 157 | Lyle Santos | CA | 201 | Roy Wason | CA |
| 158 | Marcelo Muto | CA | 202 | Ruben Segura | CA |
| 159 | Marcia Drane | CA | 203 | Sameisha Lee | CA |
| 160 | Mariana Rybczynski | CA | 204 | Sarah Munnerlyn | CA |
| 161 | Mark Higgins | CA | 205 | Scott Morrison | CA |
| 162 | Matthew Morgan | CA | 206 | Shawn Smith | CA |
| 163 | Matthew Smith | CA | 207 | Talecia Peterson | CA |
| 164 | Megan Walker | CA | 208 | Taylor Whitehurst | CA |
| 165 | Melinda Rodriguez | CA | 209 | Teresa Bernardasci | CA |
| 166 | Michael Belvini | CA | 210 | Terry Haus | CA |
| 167 | Michael Walker | CA | 211 | Tim Jones | CA |
| 168 | Michelle Reed | CA | 212 | Tobey Reichman | CA |
| 169 | Michelle Reid | CA | 213 | Tucker Repass | CA |
| 170 | Molly Murphy | CA | 214 | Tyrae Townzel | CA |
| 171 | Nichole Ye | CA | 215 | Yair Pablo | CA |
| 172 | Nicky Olson | CA | 216 | Yaisiel Reyes | CA |
| 173 | Ninah Winnie | CA | 217 | Yolanda Murphy | CA |
| 174 | Nishant Bubna | CA | 218 | Brandi Pratt | CO |
| 175 | Olivia Squaglia | CA | 219 | Chris Cunningham | CO |
| 176 | Orlando Ramirez | CA | 220 | Darren Lingenfelter | CO |
| 177 | Patrick Rogers | CA | 221 | Kimberly Hill | CO |
| 178 | Paul Campanelli | CA | 222 | Mark Nicklin | CO |
| 179 | Paul Kollar | CA | 223 | Peter Smith | CO |
| 180 | Paul Passero | CA | 224 | Robert Watson | CO |
| 181 | Paul Sanchez | CA | 225 | Ryan Meisner | CO |
| 182 | Philippe Blincow | CA | 226 | Greg Strouth | CT |
| 183 | Rachael Swanson | CA | 227 | James Williams | CT |
| 184 | Rachel Estrada | CA | 228 | Jason Cheverier | CT |
| 185 | Rachel Smith | CA | 229 | Lisa Qsaib | CT |
| 186 | Raul Orozco | CA | 230 | Samantha Richards | CT |
| 187 | Rebecca Palmer | CA | 231 | Sophia Sierra | CT |
| 188 | Remunda Ashley | CA | 232 | Jose Rivera | DC |
| 189 | Richard Hodges | CA | 233 | Jonathan Hammond | DE |
| 190 | Richard Lee | CA | 234 | Kishan Patel | DE |
| 191 | Richard Orona | CA | 235 | Alton Wilson | FL |
| 192 | Richard Raykowski | CA | 236 | Amy Reed | FL |
| 193 | Rick Ames | CA | 237 | Antonio Prisco | FL |
| 194 | Rion Redler | CA | 238 | Ardena Carter | FL |
| 195 | Robert Carr | CA | 239 | Ayonna McNeil | FL |
| 196 | Robert Randall | CA | 240 | Bayardo Moya | FL |
| 197 | Robert Selway | CA | 241 | Bine Nichols | FL |
| 198 | Roger String | CA | 242 | Birk Larsen | FL |
| 199 | Rosemary Concepcion | CA | 243 | Britta Burkard | FL |

| | | | | | | |
|---|---|---|---|---|---|---|
| 244 | Carol Spalla | FL | | 288 | Sara Deacon | FL |
| 245 | Christine Carnley | FL | | 289 | Shalonda Stevens | FL |
| 246 | Christopher Blanchard | FL | | 290 | Shawn Florence | FL |
| 247 | Cindy Holland | FL | | 291 | Steven Raykis | FL |
| 248 | Connie Woods | FL | | 292 | Tahj Taylor | FL |
| 249 | Cyril Stubbs | FL | | 293 | Tammy Nealy | FL |
| 250 | Danielle Shafritz | FL | | 294 | Tessa Boyer | FL |
| 251 | Dante Valentine | FL | | 295 | Thomas Nichols | FL |
| 252 | Deborah Mobley | FL | | 296 | Tina Helm | FL |
| 253 | Diane Malcolm | FL | | 297 | Yazan Hmoud | FL |
| 254 | Dominique Ward | FL | | 298 | Ajale Crockett | GA |
| 255 | Donna Mocce | FL | | 299 | Ashley Stanford | GA |
| 256 | Eric Brunner | FL | | 300 | Chantal Shepherd | GA |
| 257 | Ernesto Reyes | FL | | 301 | Chris Walden | GA |
| 258 | Genai Santos Tynes | FL | | 302 | Courtney Tidwell | GA |
| 259 | George Hutchinson | FL | | 303 | Damion Walker | GA |
| 260 | Gina Ruiz | FL | | 304 | Daniel Stadelman | GA |
| 261 | Grianann McDonagh | FL | | 305 | DeQuann Piner | GA |
| 262 | Hali Weeks | FL | | 306 | Dewade Clark | GA |
| 263 | Heidi McGrew | FL | | 307 | Erica Holmes | GA |
| 264 | Henry ONeill | FL | | 308 | Eunice Pierre Louis | GA |
| 265 | Jason Nash | FL | | 309 | Gabriella Arreola | GA |
| 266 | Jennifer Lee | FL | | 310 | Jacari Peterson | GA |
| 267 | John Hoffman | FL | | 311 | Jaclyn Seidman | GA |
| 268 | Justin Nazarian | FL | | 312 | Janie Nava | GA |
| 269 | Karl Ferdinand | FL | | 313 | Jeremy White | GA |
| 270 | Kathryn Carr | FL | | 314 | Julie Steinmetz | GA |
| 271 | Laroy Stone | FL | | 315 | Justin Phipps | GA |
| 272 | Lea Sutphin | FL | | 316 | Kateria Parks | GA |
| 273 | Leonor Pardo | FL | | 317 | Kristen Weixler | GA |
| 274 | Lydia Price | FL | | 318 | Matthew Powell | GA |
| 275 | Mathias Suarez Rodriguez | FL | | 319 | Michael Smith | GA |
| 276 | Megan Kuzin | FL | | 320 | Naydu Montealegre | GA |
| 277 | Michelle Mullaney | FL | | 321 | Nickey Thornton | GA |
| 278 | Mourya Kodidela | FL | | 322 | Sarah Schropshire | GA |
| 279 | Phillip Suarez | FL | | 323 | Shawnte Holder | GA |
| 280 | Pierre Taylor | FL | | 324 | Stacie Woods | GA |
| 281 | Rena Vandiver | FL | | 325 | Syneria Williams | GA |
| 282 | Richard Messman | FL | | 326 | Tequilla Hanks | GA |
| 283 | Robert Wurzel | FL | | 327 | Tony Hicks | GA |
| 284 | Roger Williams | FL | | 328 | Vance Young | GA |
| 285 | Ronald Reese | FL | | 329 | Veronica Hernandez Zapata | GA |
| 286 | Rose Wright | FL | | 330 | Patrick McKenna | HI |
| 287 | Sandra Case | FL | | 331 | Pryce Brooks | HI |

Exhibit C, Page 67

| | | | | | | |
|---|---|---|---|---|---|---|
| 332 | Stephanie Cenko | HI | 376 | Guadalupe Roa | IL |
| 333 | Jacob Tholen | IA | 377 | Harold Morris | IL |
| 334 | Malisha Tracy | IA | 378 | Heather Otis | IL |
| 335 | Monica Willis | IA | 379 | Ian Olsen | IL |
| 336 | Nathaniel Ward | IA | 380 | Jacquelina Santillan | IL |
| 337 | Rocky Ogden | IA | 381 | Jeffry Haugh | IL |
| 338 | Charity Noe | ID | 382 | Jennifer Peck | IL |
| 339 | David Willis | ID | 383 | Jessica Bratcher | IL |
| 340 | Dezuray Avants | ID | 384 | Jessica Holmes | IL |
| 341 | Nicholas Gyore | ID | 385 | Jill Schumacher | IL |
| 342 | Adam Crompton | IL | 386 | John Bishop | IL |
| 343 | Alan Schroeder | IL | 387 | Joseph Spangenberg | IL |
| 344 | Alaya Price | IL | 388 | Joshua Beck | IL |
| 345 | Alex Pough | IL | 389 | Joshua McCarthy | IL |
| 346 | Alisia Reid | IL | 390 | Katie Newberger | IL |
| 347 | Allen Tanner | IL | 391 | Kelly Steelman | IL |
| 348 | Amber Hart | IL | 392 | Kenneth Hollie Ivy | IL |
| 349 | Angela Wooters | IL | 393 | Keonya Wells | IL |
| 350 | Angelia Ratliff | IL | 394 | Kerri Newman | IL |
| 351 | Anthony DeBellis | IL | 395 | Kiara Mosley | IL |
| 352 | Anthony Pyle | IL | 396 | Kim Hoffman | IL |
| 353 | Ariana Thomas | IL | 397 | Kim Parker | IL |
| 354 | Bella Briseno | IL | 398 | Kimberly Holmes | IL |
| 355 | Bernard Powell | IL | 399 | Kristen Norman | IL |
| 356 | Brian Swanson | IL | 400 | Kristen Spangler | IL |
| 357 | Bryce Perl | IL | 401 | Lamont Woodson | IL |
| 358 | Carlos Sudor | IL | 402 | Lashanda Nolan | IL |
| 359 | Cassandra Polach | IL | 403 | Latrice Williams | IL |
| 360 | Christy Lambert | IL | 404 | Laura O Dowd | IL |
| 361 | Corey Noble | IL | 405 | Lauren Richerme | IL |
| 362 | Corrina Loudermilk | IL | 406 | Leanore Moore | IL |
| 363 | Crystall Townsley | IL | 407 | Lotri Lawson | IL |
| 364 | Damian Chmura | IL | 408 | Marcus Kurns | IL |
| 365 | Daniel Rickmon | IL | 409 | Marek Zaczek | IL |
| 366 | Danielle Kutz | IL | 410 | Margie Ramos | IL |
| 367 | David Bovensiep | IL | 411 | Marlon Miller | IL |
| 368 | Deonna Turner | IL | 412 | Melanie Strah | IL |
| 369 | Deontay Scott | IL | 413 | Melanie Williams | IL |
| 370 | Domonique Williams | IL | 414 | Melissa Miller | IL |
| 371 | Ebony Ross | IL | 415 | Michael Moore | IL |
| 372 | Eleanor Metzler | IL | 416 | Michelle Keever | IL |
| 373 | Elizabeth Svinning | IL | 417 | Michelle Shilling | IL |
| 374 | Garrett Hornak | IL | 418 | Michelle Staton | IL |
| 375 | Garrett Pluhar Schaeffer | IL | 419 | Nathanial Mills | IL |

| 420 | Nicholas Wallington | IL | | 464 | Katrina Walker | IN |
|-----|---------------------|----|-|-----|----------------|----|
| 421 | Nicole Jones | IL | | 465 | Kimberly Ragan | IN |
| 422 | Ora Wilson | IL | | 466 | Kimberly Watts | IN |
| 423 | Pat Makris | IL | | 467 | Lorraina Washington | IN |
| 424 | Paul Morrow | IL | | 468 | Renee Brown | IN |
| 425 | Rahel Maru | IL | | 469 | Shane Conner | IN |
| 426 | Rechelle Roush | IL | | 470 | Tanaisia Snider | IN |
| 427 | Robert Perez | IL | | 471 | Tonya Worley | IN |
| 428 | Rodney Lawrence | IL | | 472 | Travis Lawson | IN |
| 429 | Rona Ragbeer | IL | | 473 | Tyrone Tolbert | IN |
| 430 | Rudiel Saenz | IL | | 474 | Atilano Cantu | KS |
| 431 | Salina Rohn | IL | | 475 | Chad Thompson | KS |
| 432 | Samuel Boyd | IL | | 476 | Heather Rogers | KS |
| 433 | Shannon Tewell | IL | | 477 | Josephine Warriner | KS |
| 434 | Shawn Stout | IL | | 478 | Josie Bessette | KS |
| 435 | Stacy Young | IL | | 479 | Kelly Simmonds | KS |
| 436 | Stephanie Powell | IL | | 480 | Michele Montour | KS |
| 437 | Tammy Walsh | IL | | 481 | Tyler Rand | KS |
| 438 | Teresa Robison | IL | | 482 | Ashleigh Sosbe | KY |
| 439 | Theresa Taylor | IL | | 483 | Darren Hicks | KY |
| 440 | Thomas Holbrook | IL | | 484 | Derrick Meredith | KY |
| 441 | Tonya Willits | IL | | 485 | Donta Collins | KY |
| 442 | Tristan Hagenow | IL | | 486 | Heidi Naegele | KY |
| 443 | Tyler McPheeters | IL | | 487 | Jeffrey Kennedy | KY |
| 444 | Tyrania Williams | IL | | 488 | Jessica Wilson | KY |
| 445 | Wayne Scott Williams | IL | | 489 | John Christian Postel | KY |
| 446 | William Krause | IL | | 490 | Karen Newman | KY |
| 447 | Adham Hammad | IN | | 491 | Kelley Steimle | KY |
| 448 | Bob Wilson | IN | | 492 | Kevin Patrick | KY |
| 449 | Brian Cunningham | IN | | 493 | Maria Campbell | KY |
| 450 | Carie Brown | IN | | 494 | Michael Carter | KY |
| 451 | Cheri Minnick | IN | | 495 | Mitchell Hembree | KY |
| 452 | Daniel Warren | IN | | 496 | Roger Roach | KY |
| 453 | David Healey | IN | | 497 | Shawna Goble | KY |
| 454 | Dominic Bordenaro | IN | | 498 | Trenton Renner | KY |
| 455 | Elyssa Moses | IN | | 499 | Walter Paul | KY |
| 456 | James Oelslager | IN | | 500 | Belinda Cambre | LA |
| 457 | Jeff Guest | IN | | 501 | Elza Robertson | LA |
| 458 | Jennifer Allen | IN | | 502 | Kelly Smith | LA |
| 459 | Joann Reed | IN | | 503 | Lance Robertson | LA |
| 460 | Jonnie Bey | IN | | 504 | Shawn Chapa | LA |
| 461 | Joseph Miller | IN | | 505 | Stacy McDonald | LA |
| 462 | Kalie Coverdill | IN | | 506 | Trisha Stroder | LA |
| 463 | Katelyn Sublette | IN | | 507 | Yuset Pozo | LA |

| | | | | | | |
|---|---|---|---|---|---|---|
| 508 | Alex Moura | MA | | 552 | Olivia Rohrbacher | MI |
| 509 | Alicia Tasney | MA | | 553 | Randall Kuikstra | MI |
| 510 | Antonino Napoli | MA | | 554 | Tony McCallum | MI |
| 511 | Brianna Balise | MA | | 555 | Ty Wallace | MI |
| 512 | Coreen Scott | MA | | 556 | Aaron Borowick | MN |
| 513 | Darrow Patton | MA | | 557 | Danielle Krueger | MN |
| 514 | David Sanson | MA | | 558 | Kent Carr | MN |
| 515 | Emilie Mellal | MA | | 559 | Matthew Wyatt | MN |
| 516 | Joel Rosen | MA | | 560 | Michael Swiantkiewicz | MN |
| 517 | Jose Ortega | MA | | 561 | Nicholas Whitman | MN |
| 518 | Matthew Mullen | MA | | 562 | Nina Tomsche | MN |
| 519 | Mehran Moradi | MA | | 563 | Shannon Marshall | MN |
| 520 | Michelle Williams | MA | | 564 | Taylor Shill | MN |
| 521 | Susie Pereira | MA | | 565 | Angela Brown | MO |
| 522 | Thomas Ruiz | MA | | 566 | Christina Heathcock | MO |
| 523 | Anthony Boyd | MD | | 567 | Cynthia Wolf | MO |
| 524 | Ashleigh Kinna | MD | | 568 | Felicia Posey | MO |
| 525 | Campbell Riedl | MD | | 569 | James Johnson | MO |
| 526 | India Montgomery | MD | | 570 | James Newman | MO |
| 527 | Madeleine Oum Ray | MD | | 571 | James Strong | MO |
| 528 | Michael Murphy | MD | | 572 | Jared Moser | MO |
| 529 | Michael Taylor | MD | | 573 | Jena Peterson | MO |
| 530 | Shannon Hagerty | MD | | 574 | Jeremy Wilson | MO |
| 531 | Vincent Ho | MD | | 575 | Joshua Moss | MO |
| 532 | Henry Thompson | ME | | 576 | Justin Smith | MO |
| 533 | Ajay Bryan | MI | | 577 | Lisa Prestegard | MO |
| 534 | Alise White | MI | | 578 | Marshall Luttmer | MO |
| 535 | Artvana Richardson | MI | | 579 | Nicholas Harris | MO |
| 536 | Brandon White | MI | | 580 | Patrick Henry | MO |
| 537 | Brandy Uribe | MI | | 581 | Samuel Brady | MO |
| 538 | Clinton Humphrey | MI | | 582 | Stephan Rutledge | MO |
| 539 | Dan Selvidge | MI | | 583 | Sue Bolyard | MO |
| 540 | Danielle Mackey | MI | | 584 | Tiffanie Miller | MO |
| 541 | Elisa Ramos | MI | | 585 | Tracey Tracy | MO |
| 542 | Fakeshia Reed | MI | | 586 | William Morris | MO |
| 543 | Gerid Bowler | MI | | 587 | Yolando Phillips | MO |
| 544 | Henry Windham | MI | | 588 | Chris Timbes | MS |
| 545 | Jamison Pollack | MI | | 589 | Christy Moseley | MS |
| 546 | Jonathan Lavoie | MI | | 590 | Janette Rister | MS |
| 547 | Josh Murray | MI | | 591 | Kelsey Peterson | MS |
| 548 | Kierra Rivers Hudson | MI | | 592 | Lesley Ross | MS |
| 549 | Mark Clute | MI | | 593 | Sean Peters | MS |
| 550 | Michael Bec | MI | | 594 | Shenna Rayford | MS |
| 551 | Nathan Tancula | MI | | 595 | Tammy Bass | MS |

| 596 | Tammy Scarbrough | MS | | 640 | Janet Liu | NJ |
|-----|------------------|-----|-|-----|-----------|-----|
| 597 | Tanya Raverty | MS | | 641 | Justin Perez | NJ |
| 598 | William C Mitchell | MS | | 642 | Karen Radziewicz | NJ |
| 599 | Bridger Winterrowd | MT | | 643 | Khalena Williams | NJ |
| 600 | Edward Beebe | MT | | 644 | Kimba Wiggins | NJ |
| 601 | James Peltier | MT | | 645 | Lashida Sessoms | NJ |
| 602 | Marcia Walden | MT | | 646 | Lindsay Amon | NJ |
| 603 | Troy Sealy | MT | | 647 | Michelle Smith | NJ |
| 604 | Adrienne Wysuph | NC | | 648 | Paul Brewer | NJ |
| 605 | Annie Sentell | NC | | 649 | Shlomo Wolpin | NJ |
| 606 | April Cook | NC | | 650 | Stacie Gray | NJ |
| 607 | Ashleigh Harlow | NC | | 651 | Tammy McCabe | NJ |
| 608 | Brenda White | NC | | 652 | Taquan Washington | NJ |
| 609 | Christopher Parker | NC | | 653 | Vitina White | NJ |
| 610 | Curtis Hobbs | NC | | 654 | Wayne Tollefson | NJ |
| 611 | Delvonna Watson | NC | | 655 | Crystal Garcia | NM |
| 612 | Jamison Safari | NC | | 656 | Jacob Valdez | NM |
| 613 | Jason McGee | NC | | 657 | Jeffrey Ortiz | NM |
| 614 | Jason Rose | NC | | 658 | Tabitha Sanchez | NM |
| 615 | Kalee Peter | NC | | 659 | Amanda Martin | NV |
| 616 | Leonardo Medina | NC | | 660 | Amanda Mosteller | NV |
| 617 | Leslie Crawford | NC | | 661 | Anthony Nielsen | NV |
| 618 | Melinda Shrader | NC | | 662 | Ashley Estrada | NV |
| 619 | Patricia Smith | NC | | 663 | Gerald Ryan | NV |
| 620 | Paul Prince | NC | | 664 | Gretchen Myers | NV |
| 621 | Robin Patterson | NC | | 665 | Jennifer Ross | NV |
| 622 | Shane Peterson | NC | | 666 | Jimmy Walker | NV |
| 623 | Shantail Ross | NC | | 667 | John Natividad | NV |
| 624 | Shelby Robinson | NC | | 668 | Jonathan Sandoval | NV |
| 625 | Stephanie Watson | NC | | 669 | Kurt Orey | NV |
| 626 | Stephen Wesner | NC | | 670 | Laura Barr | NV |
| 627 | Tonia Parks | NC | | 671 | Ruby Price | NV |
| 628 | Janet Lane | ND | | 672 | Siddanth Sudarshan | NV |
| 629 | Kellie Casto | ND | | 673 | Sky Murayama | NV |
| 630 | Candy Joslin | NE | | 674 | Tanika Moore | NV |
| 631 | Chaley Nielsen | NE | | 675 | Vanessa Randall | NV |
| 632 | James Witt | NE | | 676 | Alex Rupp | NY |
| 633 | Mara Golden | NE | | 677 | Aurora Williams | NY |
| 634 | Alicia Roberts | NJ | | 678 | Brian Conroy | NY |
| 635 | Angelo Spalluto | NJ | | 679 | Brian Robinson | NY |
| 636 | Cherrie Murphy | NJ | | 680 | Charles Whitcher | NY |
| 637 | Fanol Shaini | NJ | | 681 | Christina Nappi | NY |
| 638 | Gian Torres Flores | NJ | | 682 | Cortney Propper | NY |
| 639 | James Rios | NJ | | 683 | Derek Hedgeman | NY |

| | | | | | | |
|---|---|---|---|---|---|---|
| 684 | Eric Cruz | NY | | 728 | Michael Manocchio | OH |
| 685 | Eric Perez | NY | | 729 | Michael Tucker | OH |
| 686 | Frank Raio | NY | | 730 | Odell Wood | OH |
| 687 | Frankie Rodriguez | NY | | 731 | Peter Boland | OH |
| 688 | Gabriela Ryan | NY | | 732 | Phileisha Motley | OH |
| 689 | Ian Newman | NY | | 733 | Philip Wallace | OH |
| 690 | Jaclyn Santos | NY | | 734 | Rachael Smith | OH |
| 691 | Jacqlyn Knight | NY | | 735 | Samantha Nelson | OH |
| 692 | Jason Place | NY | | 736 | Sarah Begley | OH |
| 693 | Joseph Savino | NY | | 737 | Sarah Pillow | OH |
| 694 | Karen Capote | NY | | 738 | Sonny Trinh | OH |
| 695 | Leona Wolf | NY | | 739 | Tabitha Mulkey | OH |
| 696 | Lori Helmbrecht | NY | | 740 | Temi Dada | OH |
| 697 | MacKenzie Mosca | NY | | 741 | Tim Spratt | OH |
| 698 | Matthew Smith | NY | | 742 | Tom Stephenson | OH |
| 699 | Michael Stark | NY | | 743 | Tracy Bethel | OH |
| 700 | Michael Wheatle Davis | NY | | 744 | Zach Scott | OH |
| 701 | Philip Rivera | NY | | 745 | Angela Ormson | OK |
| 702 | Priscilla Smith | NY | | 746 | Ashlea Williams | OK |
| 703 | Samantha Miller | NY | | 747 | Bryan Ziegler | OK |
| 704 | Scott Gulick | NY | | 748 | Charlotte White | OK |
| 705 | Tacoya Thomas | NY | | 749 | Christopher Theel | OK |
| 706 | Wilburn Williams | NY | | 750 | Jacklyn Swicegood | OK |
| 707 | Adam Lee | OH | | 751 | Joy Hester | OK |
| 708 | Beth Holland | OH | | 752 | Kenneth Rainwater | OK |
| 709 | Bobbi McGee | OH | | 753 | Mary Scales | OK |
| 710 | Brande Sargent | OH | | 754 | Misty Walker | OK |
| 711 | Carole Workman | OH | | 755 | Pamela Thompson | OK |
| 712 | Christina McKnight | OH | | 756 | Patricia Raymond | OK |
| 713 | Christopher Thomas | OH | | 757 | Roy Staats | OK |
| 714 | Daniel Spence | OH | | 758 | Amanda Murray | OR |
| 715 | Danielle Ratcliff | OH | | 759 | Bryan Persen | OR |
| 716 | Danielle Yeaton | OH | | 760 | Casey Moore | OR |
| 717 | David Vail | OH | | 761 | Christopher Thaxton | OR |
| 718 | Erica Snow | OH | | 762 | David Terriquez | OR |
| 719 | George Scaravelli | OH | | 763 | Diana Orey | OR |
| 720 | Gina Lynch | OH | | 764 | Eugene Nuss | OR |
| 721 | Ioanna Paraskevopoulos | OH | | 765 | Fawn Yeo | OR |
| 722 | Joseph Myers | OH | | 766 | Hayley Mousley | OR |
| 723 | Juatuann Johnson | OH | | 767 | Jaina Hickey | OR |
| 724 | Karen Cupp | OH | | 768 | Jeffery Young | OR |
| 725 | Larry Roush | OH | | 769 | Jeremy Scott | OR |
| 726 | Melissa Ricker | OH | | 770 | John Valdez | OR |
| 727 | Melissa Stephens | OH | | 771 | Joseph Miranda | OR |

| | | | | | | |
|---|---|---|---|---|---|---|
| 772 | Lacie Stock | OR | 816 | Sean Ross | PA |
| 773 | Lee Warwick | OR | 817 | Sheri Riddle | PA |
| 774 | Lorraine Reich | OR | 818 | Spencer Miller | PA |
| 775 | Mark Park | OR | 819 | Steven Checchia | PA |
| 776 | Matthew Burkett | OR | 820 | Vikram Yamba | PA |
| 777 | Matthew Stewart | OR | 821 | Whitney Smoot | PA |
| 778 | Nathaniel Swafford | OR | 822 | Adam Millard | RI |
| 779 | Robert Terra | OR | 823 | Christian LaPorte | RI |
| 780 | Sean Bullamore | OR | 824 | Adam Moye | SC |
| 781 | Tara Tyler | OR | 825 | Alvin Lee Wilson | SC |
| 782 | Trina Spain | OR | 826 | Anna Cravey | SC |
| 783 | William Weiss | OR | 827 | Barbara Piper | SC |
| 784 | Anya Spector | PA | 828 | Kenneth McDaniel | SC |
| 785 | Ava Little | PA | 829 | Lasandra Jennings | SC |
| 786 | Brandon Nelson | PA | 830 | Laura Hedgepath | SC |
| 787 | Carl Turner | PA | 831 | Michael Raymond | SC |
| 788 | Catur Chan | PA | 832 | Shannon Cooper | SC |
| 789 | Charles Renninger | PA | 833 | Kristy Beckwith | SD |
| 790 | Christina Hower | PA | 834 | Amanda Miller Cagle | TN |
| 791 | Dereck Roggy | PA | 835 | Blake Newsom | TN |
| 792 | Erin Roddy | PA | 836 | Dustin Williams | TN |
| 793 | Galen Robinson | PA | 837 | Jason Mincey | TN |
| 794 | Heidi Ramler | PA | 838 | Jennifer Sprague | TN |
| 795 | James Winter | PA | 839 | Latonia Booth | TN |
| 796 | Jeffrey Hammell | PA | 840 | Mansel Montgomery | TN |
| 797 | John Black | PA | 841 | Melissa Gregg | TN |
| 798 | Joseph Musko | PA | 842 | Patricia McKinney | TN |
| 799 | Joshua Larkin | PA | 843 | Paul Lane | TN |
| 800 | Kevin Mulholland | PA | 844 | Ronnie Moling | TN |
| 801 | Kristina Burgess | PA | 845 | Rosilyn Currie | TN |
| 802 | Lawrence Payne | PA | 846 | Sara Ridge | TN |
| 803 | Lyle Sterner | PA | 847 | Teaire Nichols | TN |
| 804 | Marc Montijo | PA | 848 | Theresa Wolle | TN |
| 805 | Matthew Wedd | PA | 849 | Thomas Krzeminski | TN |
| 806 | Michael Forker | PA | 850 | Timothy Willis | TN |
| 807 | Michael Mlinek | PA | 851 | William Waldon | TN |
| 808 | Mike Rapatski | PA | 852 | Angela Munoz | TX |
| 809 | Miranda Rosencrance | PA | 853 | Anglia Lemieux | TX |
| 810 | Nicole Reisinger | PA | 854 | Anji Nichols | TX |
| 811 | Paul Pantano | PA | 855 | Benjamin Scott | TX |
| 812 | Quina Myers | PA | 856 | Breya Warnstaff Dunshea | TX |
| 813 | Ricky Peterson | PA | 857 | Brittany Caviness | TX |
| 814 | Ryan Richardson | PA | 858 | Carlos Gil | TX |
| 815 | Sarah Rich | PA | 859 | Chad Willy | TX |

| 860 | Chaundra Rickerson | TX | 904 | Toby Potts | TX |
|---|---|---|---|---|---|
| 861 | Christie Reynolds | TX | 905 | Tracey Smith | TX |
| 862 | Christopher Rhymer | TX | 906 | Victoria Beavers | TX |
| 863 | Concepcion Benavides | TX | 907 | Vonda Sparks | TX |
| 864 | Desiree Terrazas | TX | 908 | Derik Hone | UT |
| 865 | Dominique Garrett | TX | 909 | Jae Cho | UT |
| 866 | Geoffrey Blake | TX | 910 | Jeffrey Wangsgard | UT |
| 867 | Gordon Taylor JR | TX | 911 | Sara Smith | UT |
| 868 | Hector Ramirez | TX | 912 | Shannon Potter | UT |
| 869 | Jacob Reed | TX | 913 | Thomas Walker | UT |
| 870 | James Bagwell | TX | 914 | Amy Richard | VT |
| 871 | Jennifer Smith | TX | 915 | Alisha Cook | WA |
| 872 | Jon Rhoads | TX | 916 | Andreas Meyer | WA |
| 873 | Jordan Pollard | TX | 917 | Anthony Carone | WA |
| 874 | Jorge Jimenez | TX | 918 | Bailey Brake | WA |
| 875 | Katherine Weidman | TX | 919 | Bryce Parker | WA |
| 876 | Kaylah Norred | TX | 920 | Caressa Cleveland | WA |
| 877 | Kimberly Warren | TX | 921 | Cary Whitney | WA |
| 878 | Lauren Wolf | TX | 922 | Chris Mahlum | WA |
| 879 | Lisa Tate | TX | 923 | Crystal Richards | WA |
| 880 | Luke Milone | TX | 924 | Danny Lanner | WA |
| 881 | Marcus Cuyler | TX | 925 | David Lee | WA |
| 882 | Michael Scott | TX | 926 | Earnest Eubanks | WA |
| 883 | Michael Strann | TX | 927 | Elizabeth Browning | WA |
| 884 | Morton Graham | TX | 928 | Emia Musabegovic | WA |
| 885 | Neka Reed | TX | 929 | Gryffen Murray | WA |
| 886 | Olivia Nielsen | TX | 930 | Guadalupe Ochoa | WA |
| 887 | Orlando Torres | TX | 931 | Heather Morse | WA |
| 888 | Pauline Trammell | TX | 932 | Jason Perkins | WA |
| 889 | Rachel Wellauer | TX | 933 | Jayme Nickeson | WA |
| 890 | Randall Price | TX | 934 | Jesse Sullivan | WA |
| 891 | Rene Paredes | TX | 935 | Kenneth Morrison | WA |
| 892 | Robert Morgan | TX | 936 | Kim Hastings | WA |
| 893 | Sabrina Sterenberg | TX | 937 | Kirsten Berry | WA |
| 894 | Serita Sasa | TX | 938 | Kristy Nelson | WA |
| 895 | Shannon Robins | TX | 939 | Leafuafuimatagi Curtis | WA |
| 896 | Shannon Townsend | TX | 940 | Mark Stein | WA |
| 897 | Stacie McMurray | TX | 941 | Michael Moore | WA |
| 898 | Sydney Wentz | TX | 942 | Michael Schlipp | WA |
| 899 | Tanja Givens | TX | 943 | Myrtle Dowell | WA |
| 900 | Terri Jo Mosley | TX | 944 | Nicole Solemsaas | WA |
| 901 | Therone Shellman | TX | 945 | Oswaldo Hernandez | WA |
| 902 | Thurman Harvill | TX | 946 | Paul Hawkins | WA |
| 903 | Toan Vy Nguyen | TX | 947 | Sean Stolz | WA |

| 948 | Shirley Ward | WA |
|---|---|---|
| 949 | Spencer Ssenyama | WA |
| 950 | Terry Near | WA |
| 951 | Thomas Knoll | WA |
| 952 | Timothy Moss | WA |
| 953 | Timothy Straszewski | WA |
| 954 | Adam Stelzer | WI |
| 955 | Amanda Brandenburg | WI |
| 956 | Cyrus Mistry | WI |
| 957 | DeAnn Rutkowski | WI |
| 958 | Holly Polkinghorn | WI |
| 959 | Jesse Gall | WI |
| 960 | Justin Ringleman | WI |
| 961 | Kim Martin | WI |
| 962 | Mick Cleary | WI |
| 963 | Nicole Ritonia | WI |
| 964 | Tanya Payne | WI |
| 965 | Cindy Neal | WV |
| 966 | Cynthia Paffen | WV |
| 967 | Dawn Richards | WV |
| 968 | Elizabeth McDowell | WV |
| 969 | Emily Dotson | WV |
| 970 | Erin Pappas | WV |
| 971 | JoAnne Hall | WV |
| 972 | Jodie McCoy | WV |
| 973 | Jonathan McNeely | WV |
| 974 | Jordann Myers | WV |
| 975 | Lori Toler | WV |
| 976 | Mandy Thomas | WV |
| 977 | Michone Williams | WV |
| 978 | Ronald Montgomery | WV |
| 979 | Shante Nieves | WV |
| 980 | Tanner Borg | WV |
| 981 | Taylor Jones | WV |
| 982 | Thomas Hudson | WV |
| 983 | William Brewster | WV |
| 984 | Brian Young | WY |
| 985 | James Schaffner | WY |
| 986 | Jessica Tillack | WY |
| 987 | Sarah Thompson | WY |

Mark Potter Esq., SBN 166317
Krista Hemming, SBN 304213
**POTTER HANDY, LLP**
100 Pine Street, Ste. 1250
San Francisco, CA 94111
Phone: (858) 375-7385; Fax: (888) 422-5191
Email: TEMUlit@potterhandy.com
Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/02/2025 7:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Hanna Yoseph, (See additional parties list with plaintiffs attached)<br><br>Plaintiffs,<br><br>vs.<br><br>WHALECO, Inc., d/b/a TEMU; PDD Holdings, Inc., f/k/a PINDUODOU Inc.; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 25STCV16019<br><br>**[UNLIMITED] COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT OF 1986 (ECPA);**<br>**2. VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT;**<br>**3. VIOLATION OF THE CALIFORNIA COMPREHENSIVE DATA ACCESS AND FRAUD ACT ("CDAFA");**<br>**4. VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT;**<br>**5. VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW;**<br>**6. VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW;**<br>**7. VIOLATION OF THE RIGHT OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION;**<br>**8. INTRUSION UPON SECLUSION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Hanna Yoseph, (See additional parties list with plaintiffs attached) (collectively "Plaintiffs"), bring this complaint based upon on information and belief, by and through undersigned counsel, against Whaleco Inc. d/b/a Temu ("Temu"), and PDD Holdings Inc. f/k/a Pinduoduo Inc. (collectively, "Defendants").

1

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution and Code of Civil Procedure section 410.10

2.     This Court has personal jurisdiction over Defendants. Defendants are a corporation or other business entity authorized to conduct and does conduct business in the Stat of California. Defendants advertise and sells products in California, and conducts sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through its promotion, sales, distribution, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

3.     Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because the alleged wrongs occurred in the county. Venue is also proper in this county because it was the county where at least one Plaintiff resides.

## NATURE OF ACTION

4.     In 2022, Defendants launched an online shopping platform, Temu, in the United States. The Temu mobile app and website (the "Temu platform" or "Temu app"), is purported to be an online shopping platform that allows users to purchase low-cost goods manufactured in China. However, the Temu app is actually dangerous malware, surreptitiously granting itself access to virtually all data on a user's cell phone.

5.     Specifically, Temu is purposefully designed to gain unrestricted access to a user's phone operating system, including, but not limited to, a user's camera, specific location, contacts, text messages, documents, biometric information and other applications. Temu is designed to make this expansive access undetected, even by sophisticated users.

6.     Once installed, Temu can recompile itself and change properties, including overriding the data privacy settings users believe they have in place. Even users without the Temu app are subject to Temu's gross overreach if any of their information is on the phone of a Temu user. Temu monetizes this unauthorized collection of data by selling it to third parties.

7.     This action arises out of Defendants' violations of the Electronic Communications Privacy Act of 1986 (ECPA), 18 U.S.C. §§ 2510-2523 and California Consumer Privacy Act of 2018 (CCPA), Cal. Civ. Code § 1798.100.

2

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

**PARTIES**

8.      Plaintiff Hanna Yoseph, an individual and citizen of the State of California, County of Los Angeles.  Plaintiff downloaded the Temu App and used/shopped on the App and/or platform, thereby subjecting Plaintiff to personal and private data misappropriation by defendant.

9.      Additional Plaintiffs listed on ATTACHMENT A, are individuals and citizens of the United States of America. Plaintiffs downloaded the Temu App and used/shopped on the app and/or platform, thereby subjecting Plaintiffs to personal and private data misappropriation by defendant.

10.      Whaleco Inc. d/b/a Temu ("Temu") is, and at all relevant times was, a corporation incorporated in Delaware and headquarter in Boston, Massachusetts. Temu is an online marketplace operated by the Chinese e-commerce company PDD Holdings Inc.

11.      PDD Holdings Inc. f/k/a Pinduoduo Inc., is a company that was founded in China in 2015 under the name Pinduoduo. It owns and operates a portfolio of businesses and is listed on the Nasdaq exchange in the United States. Among other things, PDD Holdings Inc., operates the Pinduoduo e-commerce platform that offers products in various categories, including agricultural produce, apparel, shoes, bags, mother and childcare products, food and beverage, electronic appliances, furniture and household goods, cosmetics and other personal care, sports and fitness items and auto accessories. It also owns the company that operates the Temu online marketplace. PDD Holdings Inc. was formerly known as Pinduoduo Inc., with headquarters in Shanghai, China. PDD Holdings Inc. claims that in February 2023, it moved its "principal executive offices" from Shanghai, China to Dublin, Ireland. However, it continues to have significant operations in China, with multiple subsidiaries located within China. PDD Holdings Inc. is registered in the Cayman Islands.

12.      Defendants do not function as separate and independent corporate entities. Defendant Temu is directly controlled by Defendant PDD Holdings Inc. At all relevant times, Defendant PDD Holdings Inc. has directed the operations of Defendant Temu with respect to the Temu App, and Defendant Temu has reported to Defendant PDD Holdings Inc. Employees from Defendant PDD Holdings Inc. performed work on the Temu App, including software engineers who previously developed the Pinduoduo App for PDD Holdings Inc.

3

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

Defendant PDD Holdings Inc. makes key strategy decisions for Defendant Temu, which was charged with executing such decisions.

13.     Defendants DOES 1 through 100, inclusive, are other possible Defendants responsible for the wrongful conduct alleged herein.  The true names and capacities of Defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiffs are informed and believe that the DOE Defendants are California residents.  Plaintiffs will amend their Complaint to show true names and capacities when they have been determined.  Plaintiffs are informed and believe, and on the basis of such information and belief allege, that each Defendant DOE herein is in some manner responsible for the discrimination, harassment, and retaliation against Plaintiffs due to their protected reporting activities, and damages herein alleged.

14.     Plaintiffs are informed and believe and thereon allege that each Defendant is, and at all times mentioned was, the agent, employee or representative of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omissions of each Defendant as an agent were subsequently ratified and adopted by each other Defendant as a principal.

## FACTUAL ALLEGATIONS

15.     Founded in 2015, PDD Holdings is one of China's largest companies, generating billions in total value of goods sold. Among other business activities, PDD Holdings operates Pinduoduo, (the "Pinduoduo platform" or "Pinduoduo App") an e-commerce App created in China that offers various consumer products.

16.     Defendant PDD Holdings Inc. subsequently developed a second online retail App, and in 2022 launched the Temu App in the United States.

17.     The Temu App provides a marketplace for Chinese suppliers to offer their products. However, the Temu App also handles delivery, promotion, and after-sales services for merchants on its platform.

4

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

18.       The Temu App was based on the Pinduoduo App, and many of the same software engineers who developed Pinduoduo also worked on what became the Temu App.

19.       The Temu App/platform became available to consumers in the United States in late 2022.

20.       Since that time, Defendants have heavily promoted the Temu App throughout the United States, through television advertisements, large online ad campaigns, and sponsorships.

21.       As a result of their efforts, by 2023, the Temu App was the most downloaded App In the United States amassing millions of U.S. users.

22.       Analysts have found that Temu App, specifically, uses the allure of inexpensive Chinese-manufactured goods to entice users into unknowingly providing unwarranted and extensive access to their private data through deceptive methods.

## A.  Concerns Arise Regarding Security of The Temu App/Platform

23.       In early to mid-2023, the Temu App and/or platform, along with the popular social media app TikTok was identified as one of the Chinese-affiliated App that poses a significant threat to users' data and privacy.

24.        Concerns also began to emerge after Temu's precursor platform, the Pinduoduo App, was pulled from the Defendants' Play Store due to the presence of malware that exploited vulnerabilities in Android operating systems. Analysts, including experts for the Defendants, concluded that the Pinduoduo App was covertly collecting private and personal data from users without their knowledge and consent.

25.       In mid-2023, Apple suspended the Temu App from the Apple Store based on the same data privacy concerns. Apple concluded that Temu made misrepresentations regarding the types of data Temu can access and collect from users. Reports indicated that Apple had expressed concerns regarding the Temu App, stating that it did not comply with Apple's data privacy standards and that Temu was misleading users about how their data is utilized.

26.       Such concerns have also been expressed recently by government authorities who have examined the App. For example, the State of Montana recently banned the Temu

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

App on government devices, along with other Chinese Apps that have engaged in data privacy violations, such as TikTok.

27.    In January of 2024, the Arkansas Attorney General sued Temu for deceiving Arkansans and illegally accessing their personal information and data.

28.    Likewise, U.S. authorities have also raised concerns regarding Temu's data practices.

29.    In April 2023, the U.S.-China Economic and Security Review Commission, a government entity established by Congress to investigate, assess, and report annually on the national security implications of the economic relationship between the United States and the People's Republic of China, issued a report noting the significant data risks associated specifically with the Temu App.

30.    Subsequently, technical analysts have determined that the Temu App is deemed even more "malicious" than the suspended Pinduoduo App, noting that Temu's data collection scope is extensive, surpassing what is necessary for the functioning of an online shopping app.

31.    According to one commentator, aside from Bluetooth and Wi-Fi access, "Temu gains full access to all your contacts, calendars, and photo albums, plus all your social media accounts, chats, and texts. In other words, literally everything on your phone.… No shopping app needs this much control, especially one tied to Communist China."

## B.  Temu Violates Users Data Privacy Rights in Multiple Ways.

### 1.  The Scope of Data Collected

32.    First, analysts have observed that the scope of the data collected by Temu is sweeping and goes well beyond the scope of the data that is needed to run an online shopping app.

33.    In addition to Bluetooth and Wi-Fi access, "Temu gains full access to all your contacts, calendars, and photo albums, plus all your social media accounts, chats, and texts. In other words, literally everything on your phone.."

34.    Additionally, it is alleged that the Temu App "bypasses" phone security systems to read a user's private messages, make changes to the phone's settings and track notifications.

6

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

35.     In September of 2023, one technical investigation of the app published by an analyst firm, concluded that the "TEMU app is purposefully and intentionally loaded with tools to execute virulent and dangerous malware and spyware activities on user devices which have downloaded and installed the TEMU app."[1]

36.     The analysis went so far as to claim that Defendant PDD Holdings was a "fraudulent company" and that "its shopping app TEMU is cleverly hidden spyware that poses an urgent security threat to U.S. national interests."

37.     Among the primary findings of the report were the following:

a.  "The app has hidden functions that allow for extensive data exfiltration unbeknown to users, potentially giving bad actors full access to almost all data on customers' mobile devices."

b.  "Great efforts were taken to intentionally hide the malicious intent and intrusiveness of the software."

c.  "We engaged numerous independent data security experts to decompile and analyze TEMU app's code, integrated with experts of our own staff, and analysts who have written independently in the public domain."

d.  "Contributing to the danger of mass data exfiltration is the fast uptake rate of the TEMU app: over 100 million app downloads in the last 9 months, all in U.S. and Europe. TEMU is not offered in China."

e.  "The TEMU app development team includes 100 engineers who built the Pinduoduo app, which earned a suspension from the Defendants Play Store."

f.  "Pinduoduo app got reinstated by removing the 'bad parts,' some of which were identically utilized as components of the TEMU app, strongly indicating malicious intent."

g.  "We strongly suspect that TEMU is already, or intends to, illegally sell stolen data from Western country customers to sustain a business model that is otherwise doomed for failure."

---

[1] *See* "We believe PDD is a Dying Fraudulent Company and its Shopping App TEMU is Cleverly Hidden Spyware that Poses an Urgent Security Threat to U.S. National Interests" found at: https://grizzlyreports.com/we-believe-pdd-is-a-dying-fraudulent-company-and-its-shopping-app-temu-is-cleverly-hidden-spyware-that-poses-an-urgent-security-threat-to-u-s-national-interests/

7

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

38.     Additionally, the analysis concluded that the Temu App contains malware, spyware, and other means to "plunder" user data: "TEMU has laid an extensive software foundation to recklessly plunder its customers' data. Our staff analysis, verified by numerous expert confirmations, both proprietary experts we hired, plus those independently published in the public domain, find malware, spyware, and several levels of exceptionally threatening software behavior."

39.     The analysis further found that the Temu App has the capability to hack users' phones and override data privacy settings that users have purposely set to prevent their data from being accessed.

40.     Technical analysis of the Temu App found "all the signs of red-flag concern," noting that "[t]he calls to outside device data and functions that violate users' privacy are far more aggressive than any well-known consumer shopping app."

41.     Further analysis found "a stack of software functions that are completely inappropriate to and dangerous in this type of software."

42.     For example, the "TEMU app is referencing systems data outside the bounds of TEMU's own app. TEMU seemingly reads the user's system logs. This gives TEMU the ability to track user actions with other apps running on the user's device."

43.     It is believed that the Temu App also collects identifying information unique to a user's device. Specifically, "TEMU asks for the MAC address, and other device information, and inserts it into a JSON object to be sent to the server."

44.     The Temu App also has the capability to take screenshots of users' phones and store those to a file.

45.     The Temu also has the ability to read and transmit files on the user's system "with little or no encryption."

46.     The Temu can access users' cameras and microphones whenever the app is running, such a function provides a means by which the Temu App can surreptitiously collect user biometric data and information such as video, facial image, and voiceprint data.

47.     Many of the categories of data and information collected by Defendants are particularly sensitive. For example, in addition to highly sensitive biometric information discussed below, Defendants also collect physical and digital location tracking data that is highly invasive of Temu users' privacy rights. "Location data is among the most sensitive

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

personal information that a user can share with a company . . . Today, modern smartphones can reveal location data beyond a mere street address. The technology is sophisticated enough to identify on which floor of a building the device is located." Over time, location data reveals private living patterns of Temu users, including where they work, where they reside, where they go to school, and when they are at each of these locations. Location data, either standing alone, or combined with other information, exposes deeply private and personal information about Temu users' health, religion, politics and intimate relationships.

48.     The Temu data collection begins as soon as the app is downloaded. As reported in a recent technical report: "'TEMU sends a lot of detailed user and system data elements as soon as the app is loaded.' The user's system gets queried in detail, so all that information is available to send to TEMU servers. (As noted above, this includes the device's unique MAC address.) No user permission is required to gather any of this category of information." Temu contains "a complete arsenal of tools to exfiltrate virtually all the private data on a user's device and perform nearly any malign action upon command trigger from a remote server."

49.     Additionally, individuals who are not Temu users and have never signed up for the platform may also be adversely impacted. Unbeknownst to them, non-users who engage in electronic communications with Temu users, such as through email or text messages, may have their private communications subject to harvesting by Defendants who have broad access to Temu users' devices.

**2. The Surreptitious Nature of The Apps Data Mining.**

50.     The Temu App contains technology (encrypt, decrypt or shift integer signals) that obscures the source code and system calls so that intrusive and dangerous calls are harder to detect when an app store or others perform security scans. In addition, the Temu App contains a runtime.exec() function that allows Temu to get compiled code onto the user's system at runtime that has not been seen by any security detection scans. These features alone demonstrate that the Temu App is purposefully designed to be "very virulent malware/spyware."

51.     Issues uncovered with the app "occur in parts of the code that are proprietary, obscured, and/or from a code library rarely used, poorly programmed by a niche company." This is inconsistent with common practice and appears to be designed to obscure the

9

dangerous features of the app so that they will not be disclosed to the public and will avoid scrutiny by the app stores that provide the app to the public.

52. For example, a technical analysis found a "package compile" function that was "not visible to security scans before or during installation of the app, or even with elaborate penetration testing." As a result, "TEMU's app could have passed all the tests for approval into the Defendants' Play Store, despite having an open door built in for an unbounded use of exploitative methods."

53. In addition, the Temu App seeks to obscure the permissions that are given to the app to access information on users' phones. "[M]any of these permissions in TEMU's source code are not listed in their Android Manifest file, which is the standardized overview source for an app."

54. The Temu App deceptively requests permissions in ways that do not clearly inform users that they are providing certain permissions to the App. Accordingly, because the Temu App "masks its intentions" by using such deceptive means, "You wouldn't suspect that the TEMU app contains a full stack of malware/spyware tools to do just about anything it wants with your phone and get nearly anything stored on it sent to its own servers in the background."

55. The Temu App also contains functions to alert the App if a debugger is engaged. Such a feature is likely incorporated into the App "to obstruct or obscure analysis of the app, and most likely to change app behavior if an analyst is inspecting it dynamically."

### 3. Temu Subjects User Data To Misappropriation By Chinese Authorities.

56. The data privacy violations documented with the Temu App are particularly concerning not only because they subject user data to unauthorized collection and potential sale to third parties, but also because Temu's parent is a China-based company that is subject to Chinese law that requires companies to provide user data to the government upon request. As a technical analysis of the Temu App has noted, "Your personal data – much more than you ever assumed – is resold indiscriminately for marketing purposes, and in all probability available to Chinese Security authorities for data mining purposes. Chinese Government security agents or their AI computers might be looking at what products you or your family

10

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

Exhibit C, Page 85

buy on TEMU as a source of leverage, influence, manipulation, 'cross-border remote justice', surveillance, or more."

57.    As experts and government authorities have repeatedly observed, under applicable law, user data owned by Chinese companies is available on command to officials of the Chinese communist government. The Chinese government's ongoing efforts to acquire such private user data from American citizens—both legally and illegally—are well documented.

58.    As U.S. Senators have explained, "Security experts have voiced concerns that China's vague patchwork of intelligence, national security, and cybersecurity laws compel Chinese companies to support and cooperate with intelligence work controlled by the Chinese Communist Party."

59.    Inherent in Chinese ownership of companies collecting American users' private and personally identifiable information. During the broadcast, among other things, a former member of the U.S. intelligence community observed that what makes the possession of U.S. user data by China-affiliated companies "particularly concerning" is that "[t]he Chinese have fused their government and their industry together so that they cooperate to achieve the ends of the state." As Senator Hawley observed during the broadcast, for example, the Chinese-owned parent company of TikTok had an express legal obligation to share such private user data with the Chinese government: "under Chinese law, TikTok, ByteDance, the parent, is required to share data with the Chinese Communist Party"; "all it takes is one knock on the door of their parent company, based in China, from a Communist Party official for that data to be transferred to the Chinese government's hands, whenever they need it."

60.    In testimony given to Congress in November 2022, FBI Director Christopher Wray reiterated these concerns, noting that Chinese law requires Chinese companies to "do whatever the government wants them to in terms of sharing information or serving as a tool of the Chinese government.  And so that's plenty of reason by itself to be extremely concerned."

61.    China-based companies are required by law to secretly provide consumer data to the government upon demand.

62.    The message contained in each of China's state security laws passed since the beginning of 2014 is clear: everyone is responsible for the party-state's security. According to the CCP's definition of state security, "the Party's political leadership is central…" And the

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

Exhibit C, Page 86

party expects Chinese people and citizens to assist in collecting intelligence. The Intelligence Law states "any organization and citizen shall, in accordance with the law, support, provide assistance, and cooperate in national intelligence work, and guard the secrecy of any national intelligence work that they are aware of…" Not only is everyone required to participate in intelligence work when asked, but that participation must be kept secret.

**C. Temu Uses Unfair Business Practices to Get Users to Engage with the App.**

63.     Defendants actively utilize manipulative and deceptive practices in order to maximize the number of users who sign up to use the app, thereby maximizing the amount of data that Defendants can misappropriate. According to one commentator, "TEMU is a notoriously bad actor in its industry. We see rampant user manipulation, chain-letter-like affinity scams to drive signups, and overall, the most aggressive and questionable techniques to manipulate large numbers of people to install the app."

64.     Defendants seek to induce users to sign up for the Temu App with the promise of low-cost, high-quality goods manufactured in China. Defendants underscore this aspect of the platform through a variety of mechanisms such as pop-ups with wheels to spin for discounts, tokens to collect, and countdown clocks.

65.     These tactics have been wildly successful: "PDD's TEMU online marketplace is being reported as among the fastest uptaken apps in history."

66.     These practices have allowed Defendants to maximize their access to user data through the false promise of low-cost, high-quality goods. Moreover, they further demonstrate that Defendants' real business is not providing a platform for the sale of quality merchandise, but rather obtaining access to user data under false pretenses, which they then misappropriate and seek to monetize.

67.     Defendants utilize additional deceptive marketing techniques to induce users to sign up for the platform and grant Defendants access to user data. For example, Defendants run what has been described as an "affinity scam" or "chain letter" like tactic where users are repeatedly urged to sign up their friends and acquaintances in order to expand the number of users whose data Defendants may then access through the App.

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

68.    Among other things, Temu offers credit and free items to users who get their friends and acquaintances to sign up for the app. "Those who do register are subjected to a bombardment of emails and app notifications."

69.    "Once you give TEMU your personal information, you will be repeatedly spammed, hounded, nagged, and bribed to get your friends and family to give TEMU their personal information. When users fall down this rabbit hole (getting that Nintendo Switch absolutely free), TEMU sends a torrent of popup sequences milking users for 'just one more contact'."

70.    In addition, Temu users are bombarded by notifications and spam from third parties other than Defendants. These emails and notifications occur even after users delete the app from their devices and even when users seek to block such notifications.

71.    Moreover, Temu has utilized online "influencers" to harvest new users on an even larger scale. "There are now literally thousands of so-called 'influencers' hawking TEMU referrals on Reddit, YouTube, TikTok, and also Minecraft, Roblox, Discord… the pitch is: 'You don't have to buy anything, just sign up!'" "If you have a social media presence, TEMU will figure that out and will start to spam you – every day – to induce you to create videos promoting TEMU, for which they promise to pay."

72.    Defendants attract and maintain users through other fraudulent means. For example, "TEMU … compensates users to write reviews," which are then "obviously skewed positive." Moreover, reviews are categorized in a deceptive manner with reviews characterized as "five stars" positive reviews when in reality they contain extremely negative comments about the platform.

73.    Finally, as illustrated by its gamified nature, Temu is designed to be highly addictive. As one report notes, "[t]he app successfully keeps people hooked. The average user spends around 28 minutes a day on the app, according to Sensor Tower, nearly double the 16 minutes spent on Amazon." The more time users spend on the app, the more data is available for covert collection by Defendants in violation of users' right to privacy in their personal data.

74.    As one analysis observes, the addictive tactics extend not only to users continued use of the platform, but also inducing individuals to sign up for the app: "Your

13

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

behavior will be categorized and siloed. If these kinds of inducements exert an addictive pull on your brain, AI pattern recognition will guarantee you will see a lot more of them."

## C. **Plaintiffs' Have Been Harmed by Temu's Violations.**

75.     The United States Supreme Court has recognized that, in contemporary society, cell phones are so ubiquitous and inextricably intertwined with the user's personal privacy that the devices have become "almost a 'feature of human anatomy.'" *Carpenter v. United States, 138 S. Ct. 2206, 2218 (2018)* (quoting *Riley v. California, 573 U.S. 373, 385 (2014)*).

76.     As a result of their multiple violations of users' data privacy, Defendants possess identifying information, biometric identifiers and information, and other data sufficient to create a file of private and personally identifiable data and content for Plaintiffs. Such files can be supplemented over time with additional private and personally identifiable user data and content, and all of this private and personally identifiable data and information has been, is, and will be used in the past, the present, and the future for economic and financial gain.

77.     Meanwhile, Plaintiffs have incurred, and continue to incur, harm as a result of the invasion of privacy stemming from Defendants' possession of their private and personally identifiable data and content – including their user identifiers, biometric identifiers and information, and other data.

78.     Plaintiffs have suffered and continue to suffer harm in the form of diminution of the value of their private and personally identifiable data and content as a result of Defendants' surreptitious and unlawful activities.

79.     Plaintiffs have a reasonable expectation of privacy in the private and personally identifiable data and content on their mobile devices.

80.     Through the unauthorized collection of their data, Plaintiffs' may have suffered additional injuries. The data collected from Temu users by these unauthorized means can be misused by Defendants themselves in ways that are not authorized, including the information being sold or given to unauthorized third parties without the consent of Plaintiffs.

[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL

81.     Temu users may be subjected to additional injuries, including the provision or sale of their data to unauthorized third parties or the use of their data in ways that users did not authorize by Defendants themselves.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT OF 1986 (ECPA),

## 18 U.S.C. §§ 2510 ET SEQ.

## (All Plaintiffs Against All Defendants)

82.     Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

83.     The Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510, et seq., prohibits the interception of any wire, oral, or electronic communications without the consent of at least one authority party to the communication. The statute confers a civil cause of action on "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." (*see*; 18 U.S.C. § 2510(4)).

84.     "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." (*see*; 18 U.S.C. § 2510(4)).

85.     "Contents" is defined as "includ[ing] any information concerning the substance, purport, or meaning of that communication." (*see*; 18 U.S.C. § 2510(4)).

86.     "Person" is defined as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." (*see*; 18 U.S.C. § 2510(4)).

87.     "Electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photo optical system that affects interstate or foreign commerce" (*see*; 18 U.S.C. § 2510(4)).

88.     For the purposes of the ECPA, Defendants, as a corporation are each defined as a "person."

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

89.     The Temu App/platform was designed with malware written into its code that secretly accesses texts, emails and other content on users' computers, phones and/or mobile devices, each constituting a "device or apparatus."

90.     Defendants used the Temu app/platform to intercept wire, oral, or electronic communication through electronic means on users' devices.

91.     For the purposes of 18 U.S.C. § 2510(12), Plaintiffs' texts, emails, electronic interactions with others on social media and websites, sensitive personal information, and data, and interactions with other individuals and websites are "electronic communication(s)."

92.      Through the Temu App/platform Defendants surreptitiously intercepted plaintiffs' "electronic communication[s]".

93.     Plaintiffs have an expectation of privacy in such communications, and exercised a reasonable expectation of privacy concerning the transmission of those messages, and reasonably believed that their electronic communications were not being intercepted, recorded, copied, disseminated, and/or misappropriated.

94.     Plaintiffs' electronic communications were intercepted during transmission, without their consent and for the unlawful and/or wrongful purpose of monetizing private information and data, including by using their private information and data to develop marketing and advertising strategies and utilizing user data for other commercial advantage.

95.     Defendants were not parties to Plaintiff's communications.

96.     Defendants are sophisticated parties, who at all relevant times knowingly, willfully and intentionally intercepted Plaintiffs electronic communications through the Temu App/platform.

97.     Plaintiffs did not consent to Defendants' interception, disclosure, use and/or misuses and misappropriation of their electronic communications.

98.     Defendants violated 18 U.S.C. § 2511(1)(a) by intentionally intercepting, and/or attempting to intercept, messages transmitted by Plaintiffs who have used the Temu app/platform.

99.     Defendants violated 18 U.S.C. § 2511(1)(a), by using Plaintiffs' intercepted communications and data intentionally for corporate gain and profit.

100.     Defendants were unjustly enriched by their unauthorized interception of Plaintiffs' electronic communications.

16

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

101.    Defendants violated 18 U.S.C. § 2511(1)(a), by making Plaintiffs' communications accessible by third parties, including the Chinese Communist Party and foreign governmental entities whose interests are opposed to those of United States citizens.

102.    Plaintiffs suffered and will continue to suffer damages including but not limited to loss of their information and loss of money and costs incurred, all of which have ascertainable value to be proven at trial.

103.    Pursuant to 18 U.S.C. § 2520, Plaintiffs have been damaged by the interception, disclosure, and/or use of their communications in violation of the ECPA and are each entitled to: (1) appropriate equitable or declaratory relief; (2) damages, in an amount to be determined at trial, assessed as the greater of (a) the sum of the actual damages suffered by Plaintiffs and any profits made by Defendants as a result of the violation, or (b) statutory damages of whichever is the greater of $100 per day per violation or $10,000; and (3) reasonable attorneys' fees and other litigation costs reasonably incurred.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT,
## 18 U.S.C. §§ 1030
## (All Plaintiffs Against All Defendants)

104.    Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

105.    The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, referred to as "CFAA," regulates fraud and related activity in connection with computers, and makes it unlawful to intentionally access a computer used for interstate commerce or communication, without authorization or by exceeding authorized access to such a computer, thereby obtaining information from such a protected computer, within the meaning of U.S.C. § 1030(a)(2)(C).

106.    18 U.S.C. § 1030(a)(5)(A)(i) makes it unlawful to "knowingly cause the transmission of a program, information, code, or command and as a result of such conduct, intentionally cause damage without authorization, to a protected computer," of a loss to one or more persons during any one-year period aggregating at least $5,000 in value.

107.    18 U.S.C. § 1030(g) provides a civil cause of action to "any person who suffers damage or loss by reason of a violation of CFAA."

17

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

108.    Defendants violated 18 U.S.C. § 1030 by intentionally accessing Plaintiffs' computers without authorization or by exceeding authorization, and by obtaining information from a protected computer.

109.    Plaintiffs' computer, smartphone, and/or mobile devices, such as a tablet or iPad is a "protected computer . . . which is used in interstate commerce and/or communication" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

110.    Defendants violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing the transmission of data and programs on Plaintiffs' protected computers.

111.    Defendants violated 18 U.S.C. § 1030(a)(5)(A)(i) by storing sniffing code to access, collect, and transmits details of Plaintiffs' web activities and communications.

112.    Defendants violated 18 U.S.C. § 1030(a)(5)(A)(ii) by intentionally accessing Plaintiffs' protected computers without authorization, and as a result of such conduct, recklessly caused damage to Plaintiffs' computers by weakening the integrity of data and/or system and/or information stored on Plaintiffs protected computers.

113.    Defendants violated 18 U.S.C. § 1030(a)(5)(A)(ii) by surreptitiously installing dangerous malware and spyware onto Plaintiffs' protected computers causes the Plaintiffs to suffer damage through the "impairment to the integrity or availability of data, a program, a system or information."

114.    Defendants' unlawful access to Plaintiffs' computers and electronic communications has caused Plaintiffs irreparable injury.

115.    Plaintiffs have suffered loss, as defined in 18 U.S.C. § 1030(e)(11). In expending "reasonable cost" associated with Plaintiffs responding to the violating offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service or the data breach.

116.    Plaintiffs have suffered damages by reason of Defendants' violations, including, without limitation, violation of the right of privacy, and disclosure of personal information that is otherwise private, confidential, and not of public record.

117.    As a result of Defendants' conduct, Plaintiffs have suffered loss and damages during any one-year period aggregating at least $5,000 in real economic damages.

18

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA COMPREHENSIVE DATA ACCESS AND FRAUD ACT,**

**CAL. PEN CODE. § 502**

**(All California Plaintiffs Against All Defendants)**

118.    Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

119.    Cal. Penal Code § 502 provides: "For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction." Smart phone devices with the capability of using web browsers are "computers" within the meaning of the statute.

120.    Defendants violated Cal. Penal Code § 502(c)(2) by knowingly accessing and without permission taking, copying, analyzing, and using Plaintiffs' "computer" browsing data.

121.    Defendants were unjustly enriched when it surreptitiously acquired Plaintiffs' sensitive and valuable personal information without permission and used it for Defendants' financial benefit.

122.    Plaintiffs retain a stake in the profits Defendants earned from their personal data, as under the circumstances, it is unjust for the Defendants to retain those profits.

123.    Defendants accessed, copied, took, analyzed, and used data from Plaintiffs' computers in and from the State of California, where the Defendants used servers that provided communication links between Plaintiffs' devices and the Defendants', which allowed the Defendants to access and obtain Plaintiffs' data. Accordingly, the Defendants caused the access of Plaintiffs' computers from California, and is therefore deemed to have accessed Plaintiffs' computers in California.

19

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

124.    As a direct and proximate result of the Defendants' unlawful conduct within the meaning of Cal. Penal Code § 502, the Defendants have caused actual losses to Plaintiffs and has been unjustly enriched in an amount to be proven at trial.

125.    Plaintiffs seek compensatory damages and/or disgorgement of profits in an amount to be proven at trial.

126.    Plaintiffs are entitled to exemplary damages pursuant to Cal. Penal Code § 502(e)(4) because the Defendants' violations were willful and, upon information and belief, the Defendants are guilty of oppression, fraud, or malice as defined in Cal. Civil Code § 3294.

127.    Plaintiffs are also entitled to recover their reasonable attorneys' fees pursuant to Cal. Penal Code § 502(e).

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT,
## CAL. PENAL CODE §§ 630, ET SEQ.
### (All California Plaintiffs Against All Defendants)

128.    Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

129.    The California Invasion of Privacy Act ("CIPA") is codified at Cal. Penal Code §§630 to 638.

130.    The California Legislature enacted the California Invasion of Privacy Act, Cal. Penal Code §§ 630, et seq. ("CIPA") finding that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id*. § 630. Thus, the intent behind CIPA is "to protect the right of privacy of the people of this state." *Id*.

131.    Cal. Pen. Code § 631(a) imposes liability upon: "Any person who, by means of any machine, instrument, or contrivance, or in any other manner . . . willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received

20
**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to lawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section . . ."

132.    Cal. Pen. Code § 632(a) imposes liability upon: "A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio."

133.    Plaintiffs have an expectation of privacy in their private and personally identifiable data and information, and they exercised a reasonable expectation of privacy concerning the transmission of such information.

134.    Under either section of the CIPA quoted above, a defendant must show it had the consent of all parties to a communication. However, without the consent of either the sender or recipient, Defendants intercepted and recorded messages and electronic communications transmitted using the Temu App/platform without Plaintiffs' consent or knowledge.

135.    Defendants knowingly and intentionally used and continue to use the Temu App/platform and associated servers and other computer devices, to read, attempt to read, learn, attempt to learn, eavesdrop, record, and/or use electronic communications containing private data from Plaintiffs, these electronic communications were and are in transit, originating in or sent to California, and without the authorization or consent of Plaintiffs.

136.    Acts by Defendants in violation of the CIPA occurred in the State of California because those acts resulted from business decisions, practices, and operating policies that Defendants developed, implemented, and utilized in the State of California and which are unlawful and constitute criminal conduct in the state of California.

137.    Defendants profited and continue to profit in the State of California as a result of these repeated and systemic violations of CIPA. Defendants' unlawful conduct, which occurred in the State of California, harmed and continues to harm Plaintiffs.

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

138. The communications intercepted by Defendants include "contents" of electronic communications exchanged between Plaintiffs, on the one hand, and third parties through shared communications.

139. Defendants recorded and stored such private message content, separate from the process of transmitting the message to the intended recipient.

140. Defendants purposefully designed the Temu app/platform in a way that they knew Plaintiffs' privacy rights would be violated, in that their messages would be unlawfully intercepted and recorded.

141. Under Cal. Penal Code § 631(a) The following constitute "machine[s], instrument[s], or contrivance[s]: (a) Plaintiff's personal computing devices; (b) the computer codes and programs Defendants used to effectuate the interception of communications; (c) Defendants' servers; (d) and the plan Defendants carried out to effectuate the interception of the communications that were exchanged with Plaintiffs'.

142. In the alternative, Defendants' purposeful scheme that facilitated its interceptions falls under the broad statutory catch-all category of "any other manner".

143. The private data Defendants collected constitutes "confidential communications," as that term is used in Cal. Pen. Code § 632(a), because Plaintiffs have an objectively reasonable expectation of privacy in their communications.

144. Plaintiffs did not consent to Defendants' interception, disclosure, and/or use of their electronic communications.

145. The unauthorized interceptions described herein are not covered by any business exception because the interceptions were not required to facilitate the communications.

146. Plaintiffs have suffered actual losses by reason of these violations, including, but not limited to, violation of their rights to privacy and loss of value in their personally identifiable information.

147. Plaintiffs have a property right in their private communications, videos and messages such that interception of those messages violated those rights and therefore caused them injuries and damages.

148. Plaintiffs suffered further economic injury as a result of Defendants' unlawful and unauthorized interceptions and recordings of communications. The battery, memory, CPU

22

and bandwidth of their cellular devices have been compromised and they incurred additional data and electricity costs that they otherwise would not have.

149.    Pursuant to Cal. Pen. Code § 637.2, Plaintiffs have been injured by the violations of Cal. Pen. Code §§ 631, 632, and each seeks damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive or other equitable relief.

150.    Plaintiffs have also suffered irreparable injury from these unauthorized acts of disclosure; their personal, private, and sensitive data have been collected, viewed, accessed, stored, and used by Defendants, and have not been destroyed. Due to the continuing threat of such injury, Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW,
## CAL. BUS. & PROF. CODE. §§ 17200 ET SEQ.
### (All California Plaintiffs Against All Defendants)

151.    Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

152.    California Unfair Competition Law (UCL) prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

153.    The Defendants' "unlawful" acts and practices include its violation of the Federal Wiretap Act, 18 U.S.C. § 2510, et seq.; the California Invasion of Privacy Act, Cal. Penal Code §§ 631 and 632; the California Computer Data Access and Fraud Act, Cal. Penal Code § 502, et seq.; and Invasion of Privacy.

154.    The Defendants' conduct violated the spirit and letter of these laws, which protect property, economic and privacy interests and prohibit unauthorized disclosure and collection of private communications and personal information.

155.    The Defendants'' "unfair" acts and practices include its violation of property, economic and privacy interests protected by the statutes identified above.

156.    Plaintiffs have suffered injuries-in-fact, including the loss of money and/or property as a result of the Defendants' unfair and/or unlawful practices. Plaintiffs have

23

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

suffered unauthorized disclosure and taking of their personal information which has value, as demonstrated by its use and sale by the Defendants'.

157.    Plaintiffs have suffered harm in the form of diminution of the value of their private and personally identifiable data and content.

158.    The Defendants' actions caused damage to, and loss of, Plaintiffs' property right to control the dissemination and use of their personal information and communications.

159.    The Defendants reaped unjust profits and revenues in violation of the UCL. This includes the Defendants profits and revenues from their targeted-advertising. Plaintiffs seek restitution and disgorgement of these unjust profits and revenues.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW,
## CAL BUS. & PROF. CODE. §§ 17500 ET SEQ.
### (All California Plaintiffs Against All Defendants)

160.    Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

161.    California's False Advertising Law (the "FAL") – Cal. Bus. & Prof. Code §§ 17500, et seq. – prohibits "any statement" that is "untrue or misleading" and made "with the intent directly or indirectly to dispose of" property or services.

162.    Defendants' advertising and other statements regarding the Temu App/platform are, and at all relevant times were, highly misleading.

163.    Defendants do not disclose at all, or do not meaningfully disclose, the private and personally identifiable data and content – including user/device identifiers, biometric identifiers and information, electronic communications, and private data and information – that they have collected and transferred from the Plaintiffs' devices and computers. Nor do Defendants disclose that the Plaintiffs' private and personally identifiable data and content have been made available to the Chinese Communist Party and foreign government entities.

164.    Reasonable consumers, like the Plaintiffs', are – and at all relevant times were – likely to be misled by Defendants' misrepresentations.

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

165.    Reasonable consumers lack the means to verify Defendants' representations concerning their data and content collection and use practices, or to understand the fact or significance of Defendants' data and content collection and use practices.

166.    Plaintiffs have been harmed and have suffered economic injury as a result of Defendants' misrepresentations. First, they have suffered harm in the form of diminution of the value of their private and personally identifiable data and content.

167.    Plaintiffs have a property interest in the personally identifiable information and other personal information taken by Defendants. There is a market for such data and Plaintiffs have been deprived of the money or property they would have received for the data improperly collected by Defendants.

168.    Second, they have suffered harm to their devices. The battery, memory, CPU and bandwidth of such devices have been compromised, and as a result the functioning of such devices has been impaired and slowed.

169.    Third, they have incurred additional data usage and electricity costs that they would not otherwise have incurred.

170.    Fourth, they have suffered harm as a result of the invasion of privacy stemming from Defendants' accessing their private and personally identifiable data and content – including user/device identifiers, biometric identifiers and information, and other private data and information.

171.    Defendants, as a result of their misrepresentations, have been able to reap unjust profits and revenues. This includes Defendants' profits and revenues from their targeted advertising, revenue from the sale of goods on the Temu App/platform, and increased consumer demand for and use of Defendants' other products and services. Plaintiffs seek restitution and disgorgement of these unjust profits and revenues.

172.    Unless restrained and enjoined, Defendants will continue to misrepresent their private and personally identifiable data and content collection and use practices and will not recall and destroy Plaintiffs' wrongfully collected private and personally identifiable data and content. Accordingly, injunctive relief is appropriate.

**SEVENTH CAUSE OF ACTION**

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

## VIOLATION OF THE RIGHT OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION

### (All California Plaintiffs Against All Defendants)

173.    Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

174.    The California Constitution and Common Law protect consumers from invasions of their privacy and intrusion upon seclusion.

175.    The right to privacy in California's constitution creates a right of action against private entities such as the Defendants.

176.    Plaintiffs' expectation of privacy is deeply enshrined in California's Constitution. Article I, section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property and pursuing and obtaining safety, happiness, and privacy."

177.    The phrase "and privacy" was added by the "Privacy Initiative" adopted by California voters in 1972. After voters approved a proposed legislative constitutional amendment designated as Proposition 11. Critically, the argument in favor of Proposition 11 reveals that the legislative intent was to curb businesses' control over the unauthorized collection and use of consumers' personal information, stating:

> The right of privacy is the right to be left alone…It prevents government and business interests from collecting and stockpiling unnecessary information about us and from misusing information gathered for one purpose in order to serve other purposes or to embarrass us. Fundamental to our privacy is the ability to control circulation of personal information. This is essential to social relationships and personal freedom. BALLOT PAMP., PROPOSED STATS. & AMENDS. TO CAL. CONST. WITH ARGUMENTS TO VOTERS, GEN. ELECTION *26 (Nov. 7, 1972).

178.    The principal purpose of this constitutional right was to protect against unnecessary information gathering, use, and dissemination by public and private entities, including the Defendants.

179.    To plead a California constitutional privacy claim, "a plaintiff must show an invasion of (1) a legally protected privacy interest; (2) where the plaintiff had a reasonable

26

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

Exhibit C, Page 101

expectation of privacy in the circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy."

180. The Defendants collected the data with the intent to intrude upon users' seclusion and invade their constitutional privacy.

181. As described herein, The Defendants have intruded upon the following legally protected privacy interests:

        a. The California Invasion of Privacy Act as alleged herein;

        b. The California Comprehensive Data Access and Fraud Act as alleged herein;

        c. A Fourth Amendment right to privacy contained on personal computing devices, including web-browsing history, as explained by the United States Supreme Court in the unanimous decision of *Riley v. California*;

        d. The California Constitution, which guarantees Californians the right to privacy;

182. The Defendants' Privacy Policy and policies referenced therein and other public promises it made not to track or intercept Plaintiffs' communications or access their computing devices and web-browsers while in a private browsing session.

183. Plaintiffs had a reasonable expectation of privacy under the circumstances in that Plaintiffs could not reasonably expect the Defendants would commit unlawful and offensive acts in violation of federal and state civil and criminal laws, and the Defendants would and do secretly track their communications or access their computing devices.

184. The Defendants' actions constituted a serious invasion of privacy in that it, invaded a zone of privacy protected by the Fourth Amendment, namely the right to privacy in data contained on personal computing devices, including conversations, and other personal data.

185. Violated dozens of state criminal laws on wiretapping and invasion of privacy, including the Federal Wire Tap Law and The California Invasion of Privacy Act;

186. Invaded the privacy rights of hundreds of millions of consumers (including Plaintiffs) without their consent.

187. Constituted the unauthorized taking of valuable information from hundreds of millions of consumers (including Plaintiffs) through deceit.

27

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

188. Further violated Plaintiffs' reasonable expectation of privacy via the Defendants' review, analysis, and subsequent use of Plaintiffs' private conversations and data that Plaintiffs considered sensitive and confidential.

189. The surreptitious and unauthorized tracking of the internet communications of Plaintiffs, constitutes an egregious breach of social norms that is highly offensive.

190. The Defendants' invasion of privacy into Plaintiffs' internet communications and their computing devices, was highly offensive to a reasonable person in that they violated federal and state criminal and civil laws designed to protect individual privacy and against theft.

191. Following the Defendants' unauthorized interception of the sensitive and valuable personal information, the subsequent analysis and use of that private data to develop and refine profiles on Plaintiffs violated their reasonable expectations of privacy.

192. Wiretapping and surreptitious recording of communications is highly offensive behavior.

193. The Defendants lacked a legitimate business interest in tracking users while browsing the internet in incognito mode without their consent.

194. Plaintiffs have been damaged by the Defendants' invasion of their privacy and they are entitled to just compensation and injunctive relief.

**EIGTH CAUSE OF ACTION**

**INTRUSION UPON SECLUSION**

**(All California Plaintiffs Against All Defendants)**

195. Plaintiffs reallege and incorporate by reference, as through fully set forth herein, each and every allegation set forth above.

196. Plaintiffs asserting claims for intrusion upon seclusion must plead: "(1) intrusion into a private place, conversation, or matter; (2) in a manner highly offensive to a reasonable person."

197. In carrying out its scheme to track and intercept Plaintiffs' communications while they were using the Temu App/platform, the Defendants violated Plaintiffs' rights to privacy and seclusion.

28

**[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL**

198.    The Defendants intentionally intruded upon Plaintiffs' solitude or seclusion in that it effectively placed itself in the middle of conversations to which it was not an authorized party.

199.    The Defendants' tracking and interception were not authorized by Plaintiffs, the Websites, and/or any other third party with which they were communicating with.

200.    The Defendants' intentional intrusion into their internet communications and their computing devices was highly offensive to a reasonable person in that they violated federal and state criminal and civil laws designed to protect individual privacy and against theft.

201.    The taking of personally identifiable information from Plaintiffs through deceit is highly offensive behavior.

202.    Secret monitoring of private web browsing is highly offensive behavior.

203.    Wiretapping and surreptitious recording of communications is highly offensive behavior.

204.    Plaintiffs have been damaged by the Defendants' invasion of their privacy and are entitled to reasonable compensation including but not limited to disgorgement of profits related to the unlawful internet tracking.

## PRAYER

WHEREFORE, Plaintiffs respectfully requests that this court:

    a. Entry of an order declaring that Defendants' actions, as set forth in this Complaint, violate the law;

    b. That the Plaintiffs be awarded all costs and litigation expenses incurred in bring this action;

    c. For reasonable attorneys' fees and costs incurred in bringing this action;

    d. A judgment in favor of Plaintiffs awarding them appropriate monetary relief, including actual and statutory damages, including statutory damages under the CDAFA, punitive damages, attorney fees, expenses, costs, and such other and further relief as is just and proper.

29

e. Entry of judgment in favor of Plaintiffs awarding compensatory damages, including statutory damages where available, to Plaintiffs and each of them, against Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

f. Award Plaintiffs pre- and post-judgment interest;

g. Award Plaintiffs their costs of suit, including reasonable attorneys' fees and expenses;

h. Order disgorgement of all of Defendants' profits that were derived, in whole or in part, from the Defendants' interception and subsequent use of Plaintiffs' communications;

i. Award punitive damages in an amount to prevent Defendants' further misconduct;

j. Entry of a permanent injunction, including public injunctive relief, enjoining;

k. Grant Plaintiffs such further relief as the Court deems appropriate. Plaintiffs and each of them seek an award of actual damages to be determined at trial.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

POTTER HANDY, LLP

Dated: May 30, 2025 _____

Krista Hemming
Attorneys for Plaintiffs

30

[UNLIMITED] COMPLAINT FOR DAMAGES – DEMAND FOR JURY TRIAL

POTTER HANDY, LLP
Mark Potter, Esq., SBN 166317
Christina Carson, Esq. SBN 280048
Krista Hemming, SBN 304213
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 534-1911; (888) 422-5191 fax
TEMUlit@potterhandy.com

Attorneys for Plaintiffs

**COMPLAINT: Attachment 1**
HANNA YOSEPH, ET AL., V. WHALECO, INC., d/b/a TEMU, ET AL.,

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | John Workman | AK | | 35 | Perry Richardson | AR |
| 3 | Alice Nelson | AL | | 36 | Preston Potter | AR |
| 4 | Amir Sadek | AL | | 37 | Ronnie Nichols | AR |
| 5 | Andrea Scott | AL | | 38 | Tonya Stinson | AR |
| 6 | Anthony Chapman | AL | | 39 | Ashley Morris | AZ |
| 7 | Brandy McNabb | AL | | 40 | Dena Smyers | AZ |
| 8 | Carolyn Peterson | AL | | 41 | Gabriel Castaneda | AZ |
| 9 | Cassandra Sutton | AL | | 42 | Jeremy Sommerland | AZ |
| 10 | Cassandra Trotter | AL | | 43 | Jessica Rice | AZ |
| 11 | Courtney Hill | AL | | 44 | John Hibbard | AZ |
| 12 | Crystal Sorrells | AL | | 45 | Joshua Hack | AZ |
| 13 | Daniel Summers | AL | | 46 | Judith Nienhardt | AZ |
| 14 | Jason Oglesby | AL | | 47 | Kathleen McDonald | AZ |
| 15 | Jason Shook | AL | | 48 | Kirk Forbes | AZ |
| 16 | Jason Thomas | AL | | 49 | Nicholas Starling | AZ |
| 17 | Jennie Key | AL | | 50 | Patricia Romo | AZ |
| 18 | Jennifer Bronson | AL | | 51 | Priscilla Espinoza Olivas | AZ |
| 19 | John Plotts | AL | | 52 | Samantha Seger | AZ |
| 20 | Jonathan Morgan | AL | | 53 | Selena Mongeon | AZ |
| 21 | Larry Nix | AL | | 54 | Staci Weith | AZ |
| 22 | Sanchasaty Mitchell | AL | | 55 | Tiffany Smith | AZ |
| 23 | Tammy Gibson | AL | | 56 | Vianey Galvan | AZ |
| 24 | Thomas Eggleston | AL | | 57 | William Moore | AZ |
| 25 | Christopher Stacks | AR | | 58 | Abby Steele | CA |
| 26 | Dionne Hill | AR | | 59 | Abel Martinez | CA |
| 27 | Gina Pate | AR | | 60 | Adam Zuniga | CA |
| 28 | Jason Lufrano | AR | | 61 | Akinyemi Omole | CA |
| 29 | Jennifer Staton | AR | | 62 | Al Solorzano | CA |
| 30 | Jeremy Moore | AR | | 63 | Alicia Pecorella | CA |
| 31 | Jessica Shamblin | AR | | 64 | Alisha Calkins | CA |
| 32 | John Rixse | AR | | 65 | Amber Rose Valenzuela | CA |
| 33 | Judith Plummer | AR | | 66 | Amber Whitson | CA |
| 34 | Kati Hall | AR | | 67 | Andrew Gray | CA |

| 68 | Andrew Sugar | CA |
|---|---|---|
| 69 | Andrew Wallace | CA |
| 70 | Angel Montellano | CA |
| 71 | Angela Okimoto | CA |
| 72 | Anissa Steele | CA |
| 73 | Anita Johnson | CA |
| 74 | Anthony Morrow | CA |
| 75 | Anthony Pledger | CA |
| 76 | Anthony Soto | CA |
| 77 | Bealinda Taplin | CA |
| 78 | Brent Koster | CA |
| 79 | Bruce Newman | CA |
| 80 | Bryce Holden | CA |
| 81 | Chandra Willis | CA |
| 82 | Charles Sean McNamara | CA |
| 83 | Charlotte Miquirray | CA |
| 84 | Chase Neal | CA |
| 85 | Chester Washington | CA |
| 86 | Chibueze Nmereole | CA |
| 87 | Chris Morones | CA |
| 88 | Christian Salaiz | CA |
| 89 | Christina Moran | CA |
| 90 | Christopher Monroe | CA |
| 91 | Cory Morris | CA |
| 92 | Cynthia Lopez | CA |
| 93 | Daniel Morris | CA |
| 94 | Danielle Gomez | CA |
| 95 | Danny Yu | CA |
| 96 | Darablee Thach | CA |
| 97 | David Mitchell | CA |
| 98 | Davin Hetland | CA |
| 99 | Dawn Ojeda | CA |
| 100 | Debra Hodges | CA |
| 101 | Demetrius Caldwell | CA |
| 102 | Denise Kramer | CA |
| 103 | Dillon Patel | CA |
| 104 | Dolores Hesse | CA |
| 105 | Donovan Plummer | CA |
| 106 | Drew Raper | CA |
| 107 | Dyan Nickerson | CA |
| 108 | Edgard Vinicio Ortega Sedano | CA |
| 109 | Elizabeth Martinez | CA |
| 110 | Emily Meader | CA |
| 111 | Evan Stagnaro | CA |

| 112 | Fatima Montano | CA |
|---|---|---|
| 113 | Frank Raya | CA |
| 114 | Frank Rivera | CA |
| 115 | Gabriel Tagnani | CA |
| 116 | Houry Hassarjian | CA |
| 117 | Ian McKinney | CA |
| 118 | Ignacio Monroy | CA |
| 119 | Jacob Burbank Goldrich | CA |
| 120 | Jaime Mota | CA |
| 121 | James Sterner | CA |
| 122 | Jamie Pool | CA |
| 123 | Janett Cortes | CA |
| 124 | Jason Carter | CA |
| 125 | Jay Washington | CA |
| 126 | Jeffrey Burks | CA |
| 127 | Jennifer Rodarte | CA |
| 128 | Jennifer White | CA |
| 129 | Jessica Hargis | CA |
| 130 | Jessica Russell Sibley | CA |
| 131 | Jessica Woods | CA |
| 132 | Joell Robinson | CA |
| 133 | John Nazareno | CA |
| 134 | John Parry | CA |
| 135 | John Rose | CA |
| 136 | John Stroup III | CA |
| 137 | Jorge Diaz | CA |
| 138 | Jose Luis Mora | CA |
| 139 | Jose Pimentel | CA |
| 140 | Jose Ramos | CA |
| 141 | Jose Rodriguez | CA |
| 142 | Joseph Mularky | CA |
| 143 | Josh Campos | CA |
| 144 | Juan Soriano | CA |
| 145 | Junepyo Lee | CA |
| 146 | Kara Susi | CA |
| 147 | Karen Moore | CA |
| 148 | Kenneth Hahn | CA |
| 149 | Kenneth Schelhorn | CA |
| 150 | Keshean Weathington | CA |
| 151 | Kevin Tran | CA |
| 152 | Khari Frisbie | CA |
| 153 | Kim Bouzikian | CA |
| 154 | Laquita Watts | CA |
| 155 | Laura Huffman | CA |

| 156 | Luciola Ortiz | CA | | 200 | Rosemary Joseph | CA |
|---|---|---|---|---|---|---|
| 157 | Lyle Santos | CA | | 201 | Roy Wason | CA |
| 158 | Marcelo Muto | CA | | 202 | Ruben Segura | CA |
| 159 | Marcia Drane | CA | | 203 | Sameisha Lee | CA |
| 160 | Mariana Rybczynski | CA | | 204 | Sarah Munnerlyn | CA |
| 161 | Mark Higgins | CA | | 205 | Scott Morrison | CA |
| 162 | Matthew Morgan | CA | | 206 | Shawn Smith | CA |
| 163 | Matthew Smith | CA | | 207 | Talecia Peterson | CA |
| 164 | Megan Walker | CA | | 208 | Taylor Whitehurst | CA |
| 165 | Melinda Rodriguez | CA | | 209 | Teresa Bernardasci | CA |
| 166 | Michael Belvini | CA | | 210 | Terry Haus | CA |
| 167 | Michael Walker | CA | | 211 | Tim Jones | CA |
| 168 | Michelle Reed | CA | | 212 | Tobey Reichman | CA |
| 169 | Michelle Reid | CA | | 213 | Tucker Repass | CA |
| 170 | Molly Murphy | CA | | 214 | Tyrae Townzel | CA |
| 171 | Nichole Ye | CA | | 215 | Yair Pablo | CA |
| 172 | Nicky Olson | CA | | 216 | Yaisiel Reyes | CA |
| 173 | Ninah Winnie | CA | | 217 | Yolanda Murphy | CA |
| 174 | Nishant Bubna | CA | | 218 | Brandi Pratt | CO |
| 175 | Olivia Squaglia | CA | | 219 | Chris Cunningham | CO |
| 176 | Orlando Ramirez | CA | | 220 | Darren Lingenfelter | CO |
| 177 | Patrick Rogers | CA | | 221 | Kimberly Hill | CO |
| 178 | Paul Campanelli | CA | | 222 | Mark Nicklin | CO |
| 179 | Paul Kollar | CA | | 223 | Peter Smith | CO |
| 180 | Paul Passero | CA | | 224 | Robert Watson | CO |
| 181 | Paul Sanchez | CA | | 225 | Ryan Meisner | CO |
| 182 | Philippe Blincow | CA | | 226 | Greg Strouth | CT |
| 183 | Rachael Swanson | CA | | 227 | James Williams | CT |
| 184 | Rachel Estrada | CA | | 228 | Jason Cheverier | CT |
| 185 | Rachel Smith | CA | | 229 | Lisa Qsaib | CT |
| 186 | Raul Orozco | CA | | 230 | Samantha Richards | CT |
| 187 | Rebecca Palmer | CA | | 231 | Sophia Sierra | CT |
| 188 | Remunda Ashley | CA | | 232 | Jose Rivera | DC |
| 189 | Richard Hodges | CA | | 233 | Jonathan Hammond | DE |
| 190 | Richard Lee | CA | | 234 | Kishan Patel | DE |
| 191 | Richard Orona | CA | | 235 | Alton Wilson | FL |
| 192 | Richard Raykowski | CA | | 236 | Amy Reed | FL |
| 193 | Rick Ames | CA | | 237 | Antonio Prisco | FL |
| 194 | Rion Redler | CA | | 238 | Ardena Carter | FL |
| 195 | Robert Carr | CA | | 239 | Ayonna McNeil | FL |
| 196 | Robert Randall | CA | | 240 | Bayardo Moya | FL |
| 197 | Robert Selway | CA | | 241 | Bine Nichols | FL |
| 198 | Roger String | CA | | 242 | Birk Larsen | FL |
| 199 | Rosemary Concepcion | CA | | 243 | Britta Burkard | FL |

| | | | | | | |
|---|---|---|---|---|---|---|
| 244 | Carol Spalla | FL | | 288 | Sara Deacon | FL |
| 245 | Christine Carnley | FL | | 289 | Shalonda Stevens | FL |
| 246 | Christopher Blanchard | FL | | 290 | Shawn Florence | FL |
| 247 | Cindy Holland | FL | | 291 | Steven Raykis | FL |
| 248 | Connie Woods | FL | | 292 | Tahj Taylor | FL |
| 249 | Cyril Stubbs | FL | | 293 | Tammy Nealy | FL |
| 250 | Danielle Shafritz | FL | | 294 | Tessa Boyer | FL |
| 251 | Dante Valentine | FL | | 295 | Thomas Nichols | FL |
| 252 | Deborah Mobley | FL | | 296 | Tina Helm | FL |
| 253 | Diane Malcolm | FL | | 297 | Yazan Hmoud | FL |
| 254 | Dominique Ward | FL | | 298 | Ajale Crockett | GA |
| 255 | Donna Mocce | FL | | 299 | Ashley Stanford | GA |
| 256 | Eric Brunner | FL | | 300 | Chantal Shepherd | GA |
| 257 | Ernesto Reyes | FL | | 301 | Chris Walden | GA |
| 258 | Genai Santos Tynes | FL | | 302 | Courtney Tidwell | GA |
| 259 | George Hutchinson | FL | | 303 | Damion Walker | GA |
| 260 | Gina Ruiz | FL | | 304 | Daniel Stadelman | GA |
| 261 | Grianann McDonagh | FL | | 305 | DeQuann Piner | GA |
| 262 | Hali Weeks | FL | | 306 | Dewade Clark | GA |
| 263 | Heidi McGrew | FL | | 307 | Erica Holmes | GA |
| 264 | Henry ONeill | FL | | 308 | Eunice Pierre Louis | GA |
| 265 | Jason Nash | FL | | 309 | Gabriella Arreola | GA |
| 266 | Jennifer Lee | FL | | 310 | Jacari Peterson | GA |
| 267 | John Hoffman | FL | | 311 | Jaclyn Seidman | GA |
| 268 | Justin Nazarian | FL | | 312 | Janie Nava | GA |
| 269 | Karl Ferdinand | FL | | 313 | Jeremy White | GA |
| 270 | Kathryn Carr | FL | | 314 | Julie Steinmetz | GA |
| 271 | Laroy Stone | FL | | 315 | Justin Phipps | GA |
| 272 | Lea Sutphin | FL | | 316 | Kateria Parks | GA |
| 273 | Leonor Pardo | FL | | 317 | Kristen Weixler | GA |
| 274 | Lydia Price | FL | | 318 | Matthew Powell | GA |
| 275 | Mathias Suarez Rodriguez | FL | | 319 | Michael Smith | GA |
| 276 | Megan Kuzin | FL | | 320 | Naydu Montealegre | GA |
| 277 | Michelle Mullaney | FL | | 321 | Nickey Thornton | GA |
| 278 | Mourya Kodidela | FL | | 322 | Sarah Schropshire | GA |
| 279 | Phillip Suarez | FL | | 323 | Shawnte Holder | GA |
| 280 | Pierre Taylor | FL | | 324 | Stacie Woods | GA |
| 281 | Rena Vandiver | FL | | 325 | Syneria Williams | GA |
| 282 | Richard Messman | FL | | 326 | Tequilla Hanks | GA |
| 283 | Robert Wurzel | FL | | 327 | Tony Hicks | GA |
| 284 | Roger Williams | FL | | 328 | Vance Young | GA |
| 285 | Ronald Reese | FL | | 329 | Veronica Hernandez Zapata | GA |
| 286 | Rose Wright | FL | | 330 | Patrick McKenna | HI |
| 287 | Sandra Case | FL | | 331 | Pryce Brooks | HI |

| | | | | | | |
|---|---|---|---|---|---|---|
| 332 | Stephanie Cenko | HI | | 376 | Guadalupe Roa | IL |
| 333 | Jacob Tholen | IA | | 377 | Harold Morris | IL |
| 334 | Malisha Tracy | IA | | 378 | Heather Otis | IL |
| 335 | Monica Willis | IA | | 379 | Ian Olsen | IL |
| 336 | Nathaniel Ward | IA | | 380 | Jacquelina Santillan | IL |
| 337 | Rocky Ogden | IA | | 381 | Jeffry Haugh | IL |
| 338 | Charity Noe | ID | | 382 | Jennifer Peck | IL |
| 339 | David Willis | ID | | 383 | Jessica Bratcher | IL |
| 340 | Dezuray Avants | ID | | 384 | Jessica Holmes | IL |
| 341 | Nicholas Gyore | ID | | 385 | Jill Schumacher | IL |
| 342 | Adam Crompton | IL | | 386 | John Bishop | IL |
| 343 | Alan Schroeder | IL | | 387 | Joseph Spangenberg | IL |
| 344 | Alaya Price | IL | | 388 | Joshua Beck | IL |
| 345 | Alex Pough | IL | | 389 | Joshua McCarthy | IL |
| 346 | Alisia Reid | IL | | 390 | Katie Newberger | IL |
| 347 | Allen Tanner | IL | | 391 | Kelly Steelman | IL |
| 348 | Amber Hart | IL | | 392 | Kenneth Hollie Ivy | IL |
| 349 | Angela Wooters | IL | | 393 | Keonya Wells | IL |
| 350 | Angelia Ratliff | IL | | 394 | Kerri Newman | IL |
| 351 | Anthony DeBellis | IL | | 395 | Kiara Mosley | IL |
| 352 | Anthony Pyle | IL | | 396 | Kim Hoffman | IL |
| 353 | Ariana Thomas | IL | | 397 | Kim Parker | IL |
| 354 | Bella Briseno | IL | | 398 | Kimberly Holmes | IL |
| 355 | Bernard Powell | IL | | 399 | Kristen Norman | IL |
| 356 | Brian Swanson | IL | | 400 | Kristen Spangler | IL |
| 357 | Bryce Perl | IL | | 401 | Lamont Woodson | IL |
| 358 | Carlos Sudor | IL | | 402 | Lashanda Nolan | IL |
| 359 | Cassandra Polach | IL | | 403 | Latrice Williams | IL |
| 360 | Christy Lambert | IL | | 404 | Laura O Dowd | IL |
| 361 | Corey Noble | IL | | 405 | Lauren Richerme | IL |
| 362 | Corrina Loudermilk | IL | | 406 | Leanore Moore | IL |
| 363 | Crystall Townsley | IL | | 407 | Lotri Lawson | IL |
| 364 | Damian Chmura | IL | | 408 | Marcus Kurns | IL |
| 365 | Daniel Rickmon | IL | | 409 | Marek Zaczek | IL |
| 366 | Danielle Kutz | IL | | 410 | Margie Ramos | IL |
| 367 | David Bovensiep | IL | | 411 | Marlon Miller | IL |
| 368 | Deonna Turner | IL | | 412 | Melanie Strah | IL |
| 369 | Deontay Scott | IL | | 413 | Melanie Williams | IL |
| 370 | Domonique Williams | IL | | 414 | Melissa Miller | IL |
| 371 | Ebony Ross | IL | | 415 | Michael Moore | IL |
| 372 | Eleanor Metzler | IL | | 416 | Michelle Keever | IL |
| 373 | Elizabeth Svinning | IL | | 417 | Michelle Shilling | IL |
| 374 | Garrett Hornak | IL | | 418 | Michelle Staton | IL |
| 375 | Garrett Pluhar Schaeffer | IL | | 419 | Nathanial Mills | IL |

| | | | | | | |
|---|---|---|---|---|---|---|
| 420 | Nicholas Wallington | IL | 464 | Katrina Walker | IN |
| 421 | Nicole Jones | IL | 465 | Kimberly Ragan | IN |
| 422 | Ora Wilson | IL | 466 | Kimberly Watts | IN |
| 423 | Pat Makris | IL | 467 | Lorraina Washington | IN |
| 424 | Paul Morrow | IL | 468 | Renee Brown | IN |
| 425 | Rahel Maru | IL | 469 | Shane Conner | IN |
| 426 | Rechelle Roush | IL | 470 | Tanaisia Snider | IN |
| 427 | Robert Perez | IL | 471 | Tonya Worley | IN |
| 428 | Rodney Lawrence | IL | 472 | Travis Lawson | IN |
| 429 | Rona Ragbeer | IL | 473 | Tyrone Tolbert | IN |
| 430 | Rudiel Saenz | IL | 474 | Atilano Cantu | KS |
| 431 | Salina Rohn | IL | 475 | Chad Thompson | KS |
| 432 | Samuel Boyd | IL | 476 | Heather Rogers | KS |
| 433 | Shannon Tewell | IL | 477 | Josephine Warriner | KS |
| 434 | Shawn Stout | IL | 478 | Josie Bessette | KS |
| 435 | Stacy Young | IL | 479 | Kelly Simmonds | KS |
| 436 | Stephanie Powell | IL | 480 | Michele Montour | KS |
| 437 | Tammy Walsh | IL | 481 | Tyler Rand | KS |
| 438 | Teresa Robison | IL | 482 | Ashleigh Sosbe | KY |
| 439 | Theresa Taylor | IL | 483 | Darren Hicks | KY |
| 440 | Thomas Holbrook | IL | 484 | Derrick Meredith | KY |
| 441 | Tonya Willits | IL | 485 | Donta Collins | KY |
| 442 | Tristan Hagenow | IL | 486 | Heidi Naegele | KY |
| 443 | Tyler McPheeters | IL | 487 | Jeffrey Kennedy | KY |
| 444 | Tyrania Williams | IL | 488 | Jessica Wilson | KY |
| 445 | Wayne Scott Williams | IL | 489 | John Christian Postel | KY |
| 446 | William Krause | IL | 490 | Karen Newman | KY |
| 447 | Adham Hammad | IN | 491 | Kelley Steimle | KY |
| 448 | Bob Wilson | IN | 492 | Kevin Patrick | KY |
| 449 | Brian Cunningham | IN | 493 | Maria Campbell | KY |
| 450 | Carie Brown | IN | 494 | Michael Carter | KY |
| 451 | Cheri Minnick | IN | 495 | Mitchell Hembree | KY |
| 452 | Daniel Warren | IN | 496 | Roger Roach | KY |
| 453 | David Healey | IN | 497 | Shawna Goble | KY |
| 454 | Dominic Bordenaro | IN | 498 | Trenton Renner | KY |
| 455 | Elyssa Moses | IN | 499 | Walter Paul | KY |
| 456 | James Oelslager | IN | 500 | Belinda Cambre | LA |
| 457 | Jeff Guest | IN | 501 | Elza Robertson | LA |
| 458 | Jennifer Allen | IN | 502 | Kelly Smith | LA |
| 459 | Joann Reed | IN | 503 | Lance Robertson | LA |
| 460 | Jonnie Bey | IN | 504 | Shawn Chapa | LA |
| 461 | Joseph Miller | IN | 505 | Stacy McDonald | LA |
| 462 | Kalie Coverdill | IN | 506 | Trisha Stroder | LA |
| 463 | Katelyn Sublette | IN | 507 | Yuset Pozo | LA |

| 508 | Alex Moura | MA | 552 | Olivia Rohrbacher | MI |
|---|---|---|---|---|---|
| 509 | Alicia Tasney | MA | 553 | Randall Kuikstra | MI |
| 510 | Antonino Napoli | MA | 554 | Tony McCallum | MI |
| 511 | Brianna Balise | MA | 555 | Ty Wallace | MI |
| 512 | Coreen Scott | MA | 556 | Aaron Borowick | MN |
| 513 | Darrow Patton | MA | 557 | Danielle Krueger | MN |
| 514 | David Sanson | MA | 558 | Kent Carr | MN |
| 515 | Emilie Mellal | MA | 559 | Matthew Wyatt | MN |
| 516 | Joel Rosen | MA | 560 | Michael Swiantkiewicz | MN |
| 517 | Jose Ortega | MA | 561 | Nicholas Whitman | MN |
| 518 | Matthew Mullen | MA | 562 | Nina Tomsche | MN |
| 519 | Mehran Moradi | MA | 563 | Shannon Marshall | MN |
| 520 | Michelle Williams | MA | 564 | Taylor Shill | MN |
| 521 | Susie Pereira | MA | 565 | Angela Brown | MO |
| 522 | Thomas Ruiz | MA | 566 | Christina Heathcock | MO |
| 523 | Anthony Boyd | MD | 567 | Cynthia Wolf | MO |
| 524 | Ashleigh Kinna | MD | 568 | Felicia Posey | MO |
| 525 | Campbell Riedl | MD | 569 | James Johnson | MO |
| 526 | India Montgomery | MD | 570 | James Newman | MO |
| 527 | Madeleine Oum Ray | MD | 571 | James Strong | MO |
| 528 | Michael Murphy | MD | 572 | Jared Moser | MO |
| 529 | Michael Taylor | MD | 573 | Jena Peterson | MO |
| 530 | Shannon Hagerty | MD | 574 | Jeremy Wilson | MO |
| 531 | Vincent Ho | MD | 575 | Joshua Moss | MO |
| 532 | Henry Thompson | ME | 576 | Justin Smith | MO |
| 533 | Ajay Bryan | MI | 577 | Lisa Prestegard | MO |
| 534 | Alise White | MI | 578 | Marshall Luttmer | MO |
| 535 | Artvana Richardson | MI | 579 | Nicholas Harris | MO |
| 536 | Brandon White | MI | 580 | Patrick Henry | MO |
| 537 | Brandy Uribe | MI | 581 | Samuel Brady | MO |
| 538 | Clinton Humphrey | MI | 582 | Stephan Rutledge | MO |
| 539 | Dan Selvidge | MI | 583 | Sue Bolyard | MO |
| 540 | Danielle Mackey | MI | 584 | Tiffanie Miller | MO |
| 541 | Elisa Ramos | MI | 585 | Tracey Tracy | MO |
| 542 | Fakeshia Reed | MI | 586 | William Morris | MO |
| 543 | Gerid Bowler | MI | 587 | Yolando Phillips | MO |
| 544 | Henry Windham | MI | 588 | Chris Timbes | MS |
| 545 | Jamison Pollack | MI | 589 | Christy Moseley | MS |
| 546 | Jonathan Lavoie | MI | 590 | Janette Rister | MS |
| 547 | Josh Murray | MI | 591 | Kelsey Peterson | MS |
| 548 | Kierra Rivers Hudson | MI | 592 | Lesley Ross | MS |
| 549 | Mark Clute | MI | 593 | Sean Peters | MS |
| 550 | Michael Bec | MI | 594 | Shenna Rayford | MS |
| 551 | Nathan Tancula | MI | 595 | Tammy Bass | MS |

| | | | | | | |
|---|---|---|---|---|---|---|
| 596 | Tammy Scarbrough | MS | | 640 | Janet Liu | NJ |
| 597 | Tanya Raverty | MS | | 641 | Justin Perez | NJ |
| 598 | William C Mitchell | MS | | 642 | Karen Radziewicz | NJ |
| 599 | Bridger Winterrowd | MT | | 643 | Khalena Williams | NJ |
| 600 | Edward Beebe | MT | | 644 | Kimba Wiggins | NJ |
| 601 | James Peltier | MT | | 645 | Lashida Sessoms | NJ |
| 602 | Marcia Walden | MT | | 646 | Lindsay Amon | NJ |
| 603 | Troy Sealy | MT | | 647 | Michelle Smith | NJ |
| 604 | Adrienne Wysuph | NC | | 648 | Paul Brewer | NJ |
| 605 | Annie Sentell | NC | | 649 | Shlomo Wolpin | NJ |
| 606 | April Cook | NC | | 650 | Stacie Gray | NJ |
| 607 | Ashleigh Harlow | NC | | 651 | Tammy McCabe | NJ |
| 608 | Brenda White | NC | | 652 | Taquan Washington | NJ |
| 609 | Christopher Parker | NC | | 653 | Vitina White | NJ |
| 610 | Curtis Hobbs | NC | | 654 | Wayne Tollefson | NJ |
| 611 | Delvonna Watson | NC | | 655 | Crystal Garcia | NM |
| 612 | Jamison Safari | NC | | 656 | Jacob Valdez | NM |
| 613 | Jason McGee | NC | | 657 | Jeffrey Ortiz | NM |
| 614 | Jason Rose | NC | | 658 | Tabitha Sanchez | NM |
| 615 | Kalee Peter | NC | | 659 | Amanda Martin | NV |
| 616 | Leonardo Medina | NC | | 660 | Amanda Mosteller | NV |
| 617 | Leslie Crawford | NC | | 661 | Anthony Nielsen | NV |
| 618 | Melinda Shrader | NC | | 662 | Ashley Estrada | NV |
| 619 | Patricia Smith | NC | | 663 | Gerald Ryan | NV |
| 620 | Paul Prince | NC | | 664 | Gretchen Myers | NV |
| 621 | Robin Patterson | NC | | 665 | Jennifer Ross | NV |
| 622 | Shane Peterson | NC | | 666 | Jimmy Walker | NV |
| 623 | Shantail Ross | NC | | 667 | John Natividad | NV |
| 624 | Shelby Robinson | NC | | 668 | Jonathan Sandoval | NV |
| 625 | Stephanie Watson | NC | | 669 | Kurt Orey | NV |
| 626 | Stephen Wesner | NC | | 670 | Laura Barr | NV |
| 627 | Tonia Parks | NC | | 671 | Ruby Price | NV |
| 628 | Janet Lane | ND | | 672 | Siddanth Sudarshan | NV |
| 629 | Kellie Casto | ND | | 673 | Sky Murayama | NV |
| 630 | Candy Joslin | NE | | 674 | Tanika Moore | NV |
| 631 | Chaley Nielsen | NE | | 675 | Vanessa Randall | NV |
| 632 | James Witt | NE | | 676 | Alex Rupp | NY |
| 633 | Mara Golden | NE | | 677 | Aurora Williams | NY |
| 634 | Alicia Roberts | NJ | | 678 | Brian Conroy | NY |
| 635 | Angelo Spalluto | NJ | | 679 | Brian Robinson | NY |
| 636 | Cherrie Murphy | NJ | | 680 | Charles Whitcher | NY |
| 637 | Fanol Shaini | NJ | | 681 | Christina Nappi | NY |
| 638 | Gian Torres Flores | NJ | | 682 | Cortney Propper | NY |
| 639 | James Rios | NJ | | 683 | Derek Hedgeman | NY |

| | | | | | | |
|---|---|---|---|---|---|---|
| 684 | Eric Cruz | NY | | 728 | Michael Manocchio | OH |
| 685 | Eric Perez | NY | | 729 | Michael Tucker | OH |
| 686 | Frank Raio | NY | | 730 | Odell Wood | OH |
| 687 | Frankie Rodriguez | NY | | 731 | Peter Boland | OH |
| 688 | Gabriela Ryan | NY | | 732 | Phileisha Motley | OH |
| 689 | Ian Newman | NY | | 733 | Philip Wallace | OH |
| 690 | Jaclyn Santos | NY | | 734 | Rachael Smith | OH |
| 691 | Jacqlyn Knight | NY | | 735 | Samantha Nelson | OH |
| 692 | Jason Place | NY | | 736 | Sarah Begley | OH |
| 693 | Joseph Savino | NY | | 737 | Sarah Pillow | OH |
| 694 | Karen Capote | NY | | 738 | Sonny Trinh | OH |
| 695 | Leona Wolf | NY | | 739 | Tabitha Mulkey | OH |
| 696 | Lori Helmbrecht | NY | | 740 | Temi Dada | OH |
| 697 | MacKenzie Mosca | NY | | 741 | Tim Spratt | OH |
| 698 | Matthew Smith | NY | | 742 | Tom Stephenson | OH |
| 699 | Michael Stark | NY | | 743 | Tracy Bethel | OH |
| 700 | Michael Wheatle Davis | NY | | 744 | Zach Scott | OH |
| 701 | Philip Rivera | NY | | 745 | Angela Ormson | OK |
| 702 | Priscilla Smith | NY | | 746 | Ashlea Williams | OK |
| 703 | Samantha Miller | NY | | 747 | Bryan Ziegler | OK |
| 704 | Scott Gulick | NY | | 748 | Charlotte White | OK |
| 705 | Tacoya Thomas | NY | | 749 | Christopher Theel | OK |
| 706 | Wilburn Williams | NY | | 750 | Jacklyn Swicegood | OK |
| 707 | Adam Lee | OH | | 751 | Joy Hester | OK |
| 708 | Beth Holland | OH | | 752 | Kenneth Rainwater | OK |
| 709 | Bobbi McGee | OH | | 753 | Mary Scales | OK |
| 710 | Brande Sargent | OH | | 754 | Misty Walker | OK |
| 711 | Carole Workman | OH | | 755 | Pamela Thompson | OK |
| 712 | Christina McKnight | OH | | 756 | Patricia Raymond | OK |
| 713 | Christopher Thomas | OH | | 757 | Roy Staats | OK |
| 714 | Daniel Spence | OH | | 758 | Amanda Murray | OR |
| 715 | Danielle Ratcliff | OH | | 759 | Bryan Persen | OR |
| 716 | Danielle Yeaton | OH | | 760 | Casey Moore | OR |
| 717 | David Vail | OH | | 761 | Christopher Thaxton | OR |
| 718 | Erica Snow | OH | | 762 | David Terriquez | OR |
| 719 | George Scaravelli | OH | | 763 | Diana Orey | OR |
| 720 | Gina Lynch | OH | | 764 | Eugene Nuss | OR |
| 721 | Ioanna Paraskevopoulos | OH | | 765 | Fawn Yeo | OR |
| 722 | Joseph Myers | OH | | 766 | Hayley Mousley | OR |
| 723 | Juatuann Johnson | OH | | 767 | Jaina Hickey | OR |
| 724 | Karen Cupp | OH | | 768 | Jeffery Young | OR |
| 725 | Larry Roush | OH | | 769 | Jeremy Scott | OR |
| 726 | Melissa Ricker | OH | | 770 | John Valdez | OR |
| 727 | Melissa Stephens | OH | | 771 | Joseph Miranda | OR |

| 772 | Lacie Stock | OR | | 816 | Sean Ross | PA |
|---|---|---|---|---|---|---|
| 773 | Lee Warwick | OR | | 817 | Sheri Riddle | PA |
| 774 | Lorraine Reich | OR | | 818 | Spencer Miller | PA |
| 775 | Mark Park | OR | | 819 | Steven Checchia | PA |
| 776 | Matthew Burkett | OR | | 820 | Vikram Yamba | PA |
| 777 | Matthew Stewart | OR | | 821 | Whitney Smoot | PA |
| 778 | Nathaniel Swafford | OR | | 822 | Adam Millard | RI |
| 779 | Robert Terra | OR | | 823 | Christian LaPorte | RI |
| 780 | Sean Bullamore | OR | | 824 | Adam Moye | SC |
| 781 | Tara Tyler | OR | | 825 | Alvin Lee Wilson | SC |
| 782 | Trina Spain | OR | | 826 | Anna Cravey | SC |
| 783 | William Weiss | OR | | 827 | Barbara Piper | SC |
| 784 | Anya Spector | PA | | 828 | Kenneth McDaniel | SC |
| 785 | Ava Little | PA | | 829 | Lasandra Jennings | SC |
| 786 | Brandon Nelson | PA | | 830 | Laura Hedgepath | SC |
| 787 | Carl Turner | PA | | 831 | Michael Raymond | SC |
| 788 | Catur Chan | PA | | 832 | Shannon Cooper | SC |
| 789 | Charles Renninger | PA | | 833 | Kristy Beckwith | SD |
| 790 | Christina Hower | PA | | 834 | Amanda Miller Cagle | TN |
| 791 | Dereck Roggy | PA | | 835 | Blake Newsom | TN |
| 792 | Erin Roddy | PA | | 836 | Dustin Williams | TN |
| 793 | Galen Robinson | PA | | 837 | Jason Mincey | TN |
| 794 | Heidi Ramler | PA | | 838 | Jennifer Sprague | TN |
| 795 | James Winter | PA | | 839 | Latonia Booth | TN |
| 796 | Jeffrey Hammell | PA | | 840 | Mansel Montgomery | TN |
| 797 | John Black | PA | | 841 | Melissa Gregg | TN |
| 798 | Joseph Musko | PA | | 842 | Patricia McKinney | TN |
| 799 | Joshua Larkin | PA | | 843 | Paul Lane | TN |
| 800 | Kevin Mulholland | PA | | 844 | Ronnie Moling | TN |
| 801 | Kristina Burgess | PA | | 845 | Rosilyn Currie | TN |
| 802 | Lawrence Payne | PA | | 846 | Sara Ridge | TN |
| 803 | Lyle Sterner | PA | | 847 | Teaire Nichols | TN |
| 804 | Marc Montijo | PA | | 848 | Theresa Wolle | TN |
| 805 | Matthew Wedd | PA | | 849 | Thomas Krzeminski | TN |
| 806 | Michael Forker | PA | | 850 | Timothy Willis | TN |
| 807 | Michael Mlinek | PA | | 851 | William Waldon | TN |
| 808 | Mike Rapatski | PA | | 852 | Angela Munoz | TX |
| 809 | Miranda Rosencrance | PA | | 853 | Anglia Lemieux | TX |
| 810 | Nicole Reisinger | PA | | 854 | Anji Nichols | TX |
| 811 | Paul Pantano | PA | | 855 | Benjamin Scott | TX |
| 812 | Quina Myers | PA | | 856 | Breya Warnstaff Dunshea | TX |
| 813 | Ricky Peterson | PA | | 857 | Brittany Caviness | TX |
| 814 | Ryan Richardson | PA | | 858 | Carlos Gil | TX |
| 815 | Sarah Rich | PA | | 859 | Chad Willy | TX |

| 860 | Chaundra Rickerson | TX | | 904 | Toby Potts | TX |
|---|---|---|---|---|---|---|
| 861 | Christie Reynolds | TX | | 905 | Tracey Smith | TX |
| 862 | Christopher Rhymer | TX | | 906 | Victoria Beavers | TX |
| 863 | Concepcion Benavides | TX | | 907 | Vonda Sparks | TX |
| 864 | Desiree Terrazas | TX | | 908 | Derik Hone | UT |
| 865 | Dominique Garrett | TX | | 909 | Jae Cho | UT |
| 866 | Geoffrey Blake | TX | | 910 | Jeffrey Wangsgard | UT |
| 867 | Gordon Taylor JR | TX | | 911 | Sara Smith | UT |
| 868 | Hector Ramirez | TX | | 912 | Shannon Potter | UT |
| 869 | Jacob Reed | TX | | 913 | Thomas Walker | UT |
| 870 | James Bagwell | TX | | 914 | Amy Richard | VT |
| 871 | Jennifer Smith | TX | | 915 | Alisha Cook | WA |
| 872 | Jon Rhoads | TX | | 916 | Andreas Meyer | WA |
| 873 | Jordan Pollard | TX | | 917 | Anthony Carone | WA |
| 874 | Jorge Jimenez | TX | | 918 | Bailey Brake | WA |
| 875 | Katherine Weidman | TX | | 919 | Bryce Parker | WA |
| 876 | Kaylah Norred | TX | | 920 | Caressa Cleveland | WA |
| 877 | Kimberly Warren | TX | | 921 | Cary Whitney | WA |
| 878 | Lauren Wolf | TX | | 922 | Chris Mahlum | WA |
| 879 | Lisa Tate | TX | | 923 | Crystal Richards | WA |
| 880 | Luke Milone | TX | | 924 | Danny Lanner | WA |
| 881 | Marcus Cuyler | TX | | 925 | David Lee | WA |
| 882 | Michael Scott | TX | | 926 | Earnest Eubanks | WA |
| 883 | Michael Strann | TX | | 927 | Elizabeth Browning | WA |
| 884 | Morton Graham | TX | | 928 | Emia Musabegovic | WA |
| 885 | Neka Reed | TX | | 929 | Gryffen Murray | WA |
| 886 | Olivia Nielsen | TX | | 930 | Guadalupe Ochoa | WA |
| 887 | Orlando Torres | TX | | 931 | Heather Morse | WA |
| 888 | Pauline Trammell | TX | | 932 | Jason Perkins | WA |
| 889 | Rachel Wellauer | TX | | 933 | Jayme Nickeson | WA |
| 890 | Randall Price | TX | | 934 | Jesse Sullivan | WA |
| 891 | Rene Paredes | TX | | 935 | Kenneth Morrison | WA |
| 892 | Robert Morgan | TX | | 936 | Kim Hastings | WA |
| 893 | Sabrina Sterenberg | TX | | 937 | Kirsten Berry | WA |
| 894 | Serita Sasa | TX | | 938 | Kristy Nelson | WA |
| 895 | Shannon Robins | TX | | 939 | Leafuafuimatagi Curtis | WA |
| 896 | Shannon Townsend | TX | | 940 | Mark Stein | WA |
| 897 | Stacie McMurray | TX | | 941 | Michael Moore | WA |
| 898 | Sydney Wentz | TX | | 942 | Michael Schlipp | WA |
| 899 | Tanja Givens | TX | | 943 | Myrtle Dowell | WA |
| 900 | Terri Jo Mosley | TX | | 944 | Nicole Solemsaas | WA |
| 901 | Therone Shellman | TX | | 945 | Oswaldo Hernandez | WA |
| 902 | Thurman Harvill | TX | | 946 | Paul Hawkins | WA |
| 903 | Toan Vy Nguyen | TX | | 947 | Sean Stolz | WA |

| 948 | Shirley Ward | WA |
|---|---|---|
| 949 | Spencer Ssenyama | WA |
| 950 | Terry Near | WA |
| 951 | Thomas Knoll | WA |
| 952 | Timothy Moss | WA |
| 953 | Timothy Straszewski | WA |
| 954 | Adam Stelzer | WI |
| 955 | Amanda Brandenburg | WI |
| 956 | Cyrus Mistry | WI |
| 957 | DeAnn Rutkowski | WI |
| 958 | Holly Polkinghorn | WI |
| 959 | Jesse Gall | WI |
| 960 | Justin Ringleman | WI |
| 961 | Kim Martin | WI |
| 962 | Mick Cleary | WI |
| 963 | Nicole Ritonia | WI |
| 964 | Tanya Payne | WI |
| 965 | Cindy Neal | WV |
| 966 | Cynthia Paffen | WV |
| 967 | Dawn Richards | WV |
| 968 | Elizabeth McDowell | WV |
| 969 | Emily Dotson | WV |
| 970 | Erin Pappas | WV |
| 971 | JoAnne Hall | WV |
| 972 | Jodie McCoy | WV |
| 973 | Jonathan McNeely | WV |
| 974 | Jordann Myers | WV |
| 975 | Lori Toler | WV |
| 976 | Mandy Thomas | WV |
| 977 | Michone Williams | WV |
| 978 | Ronald Montgomery | WV |
| 979 | Shante Nieves | WV |
| 980 | Tanner Borg | WV |
| 981 | Taylor Jones | WV |
| 982 | Thomas Hudson | WV |
| 983 | William Brewster | WV |
| 984 | Brian Young | WY |
| 985 | James Schaffner | WY |
| 986 | Jessica Tillack | WY |
| 987 | Sarah Thompson | WY |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Krista Hemming, SBN 304213, Potter Handy, LLP<br>Mail: 100 Pine St., Ste. 1250, San Francisco, CA 94111<br><br>TELEPHONE NO.: (415) 534-1911    FAX NO. : (888) 422-5191<br>EMAIL ADDRESS: TEMUlit@potterhandy.com<br>ATTORNEY FOR *(Name):* Plaintiffs: Hanna Yoseph, et al., | *Electronically FILED by*<br>*Superior Court of California,*<br>*County of Los Angeles*<br>*6/02/2025 7:17 PM*<br>*David W. Slayton,*<br>*Executive Officer/Clerk of Court,*<br>*By J. Covarrubias, Deputy Clerk* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $35,000)   [ ] **Limited**<br>(Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV16019 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[x] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 30, 2025

Krista Hemming, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
    *(not unpaid taxes)*
Petition/Certification of Entry of
    Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]                  **CIVIL CASE COVER SHEET**                  **Page 2 of 2**

Exhibit C, Page 119

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al., | 25STCV16019 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.   Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.   Location where petitioner resides. |
| 2.   Permissive filing in Central District. | 8.   Location wherein defendant/respondent functions wholly. |
| 3.   Location where cause of action arose. | 9.   Location where one or more of the parties reside. |
| 4.   Location where bodily injury, death or damage occurred. | 10.   Location of Labor Commissioner Office. |
| 5.   Location where performance required, or defendant resides. | 11.   Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.    Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |

Exhibit C, Page 120

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al., | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Exhibit C, Page 121

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al., | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>　　　　　　　　　Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al., | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23            CIVIL CASE COVER SHEET ADDENDUM            LASC Local Rule 2.3

For Mandatory Use                  AND STATEMENT OF LOCATION

Exhibit C, Page 123

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hanna Yoseph, et al., v. WHALECO, Inc., d/b/a TEMU, et al., | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>31 St James Ave Suite 355 |
|---|---|

| CITY:<br>Boston | STATE:<br>MA | ZIP CODE:<br>02116 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 05/30/2025_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23    **CIVIL CASE COVER SHEET ADDENDUM**    LASC Local Rule 2.3
For Mandatory Use    **AND STATEMENT OF LOCATION**

# Superior Court of California, County of Los Angeles

<div style="border:1px solid black">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may _not_ be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22

For Mandatory Use

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11       **STIPULATION – EARLY ORGANIZATIONAL MEETING**
For Optional Use                                                                                    Page 1 of 2

Exhibit C, Page 128

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
    (INSERT DATE)                                (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Print          Save          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Exhibit C, Page 131

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| **Print** | **Save** | | **Clear** |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Exhibit C, Page 132

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:             FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐　　Request for Informal Discovery Conference
   ☐　　Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)
Exhibit C, Page 133

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Exhibit C, Page 134

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

&#10148; _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR PLAINTIFF)

Date:

&#10148; _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date:

&#10148; _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date:

&#10148; _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date:

&#10148; _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

&#10148; _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

&#10148; _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | Clear |
|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)
Exhibit C, Page 137

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

_____
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)
Exhibit C, Page 138

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL
Exhibit C, Page 141

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL
Exhibit C, Page 145